UNITED STATES

v.

FISHMAN et al.

United States District Court
S. D. New York.

Aug. 25, 1953.

---

**152**

J. Edward Lumbard, U. S. Atty., Milton R. Wessel, Asst. U. S. Atty., New York City, for plaintiff.

Friedman & Friedman, Brooklyn, N. Y., for defendants.

SUGARMAN, District Judge.

█ Plaintiff, United States of America, (Motion No. 63) moves for an order pursuant to Rule 34, F.R.Civ.Proc., requiring defendants to produce for copying certain enumerated documents in an action to recover a civil penalty for defendant's alleged failure to maintain the records required by § 6(b) of the Wool Products Labeling Act of 1939.[1] The documents sought to be produced are those records which the Act required defendants to keep from October 7, 1945 to October 7, 1948.

In opposition to the plaintiff's motion, defendants claim that they may not be required to produce their records because of their constitutional immunity from self-incrimination.[2]

Defendants' contention is not supported by the authorities and it appears that the settled law is quite to the contrary. The following language in Judge Clark's opinion in United States v. Shapiro[3] is appropriate here:

> "The principle that the constitutional privilege against self-incrimination protects individuals against being forced to produce private documents for inspection, but not against being forced to produce public documents, is quite clear. * * * The principle applies not only to public documents in public offices, but also to records required by law to be kept in order that there may be suitable information of transactions which are the appropriate subjects of governmental regulation, and the enforcement of restrictions validly established."

The records plaintiff seeks to copy are such public documents and defendants have no constitutional privilege as to

---

1. 15 U.S.C.A. § 68d(b).

2. Constitution, Amendment V.

3. 2 Cir., 159 F.2d 890, 892, affirmed 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787.

them.[4] Accordingly, plaintiff's motion (No. 63) is granted.

■ The defendants (Motion No. 84) move for an order vacating and quashing (1) the interrogatories served by the plaintiff on August 3, 1953 and (2) the request for admissions served by plaintiff on August 3, 1953, on the ground that they too violate defendants' privilege against self-incrimination.

These interrogatories and requests for admissions concern activities of the defendants; records of which were required to be kept by the Act. The plaintiff concedes that, because of a prior ruling of this court in this action,[5] defendants need not respond on the merits. Plaintiff does claim, however, that the defendants must answer by claiming their privilege.

Plaintiff's position is correct[6] and defendants' motion to vacate and quash is denied without prejudice to defendants claiming immunity from self-incrimination in answering such of the interrogatories and requests for admissions, dated August 3, 1953, as they deem in violation of their constitutional privilege.

Settle order.

4. Wigmore on Evid., 3d Ed., Vol. VIII, § 2259(c), p. 348.

5. 15 F.R.D. 124.

6. Wigmore on Evid., 3d Ed., Vol. VIII, § 2268.4, p. 396.