[S. F. 20707. In Bank. Aug. 3, 1961.]

MICHAEL CEMBROOK, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; STERLING DRUG, INC., Real Party in Interest.

Allen Spivock for Petitioner.

No appearance for Respondent.

Sedgwick, Detert, Moran & Arnold and Edward J. Saunders for Real Party in Interest.

PETERS, J.—Mandate is sought by petitioner to compel the respondent court to set aside its order sustaining, on motion of the real party in interest, objections to requests for admissions made by petitioner.

426

Petitioner filed a complaint seeking damages for personal injuries alleged to have been incurred by ingestion, over a long period of time, and in the manner recommended or suggested in defendants' advertising, of their product. In that complaint, Sterling Drug, Inc., a corporation (the real party in interest), was named as the principal defendant. After the completion of several other discovery procedures not now at issue, petitioner served Sterling with a document entitled ''Plaintiff's Request for Admission of Truth of Certain Matters of Fact.'' Sterling moved to strike the request, and asked to be relieved from the necessity of answering, and for such other and further relief as might be proper. The motion was supported by numerous objections set forth in detail. The trial court granted Sterling's motion *in toto*. ▮ The record herein does not contain any explanation of the grounds for such order. Under such circumstances, we must presume that the order is based on the objections set forth by Sterling, and that the trial court found these objections to be meritorious.

The request for admissions was made pursuant to section 2033 of the Code of Civil Procedure, the pertinent portion of which reads as follows:

''(a) After service of summons or the appearance of a party, any other party who has appeared in the action may file and serve upon such party who has been served or who has appeared a written request for the admission by the latter of the genuineness of any relevant documents described in the request or *of the truth of any relevant matters of fact set forth in the request. . . .* Each of the matters of which an admission is requested *shall be deemed admitted* unless, within a period designated in the request . . . the party to whom the request is directed files and serves . . . (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or *irrelevant or that the request is otherwise improper in whole or in part,* together with a notice of hearing the objections at the earliest practicable time. If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. *A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party deny only a part or a qualification of a matter of which an admission is requested, he shall specify so*

*much of it as is true and deny only the remainder.* The number of requests for admissions . . . is not limited except as justice requires to protect the party from annoyance, expense, embarrassment or oppression. The provisions of subdivision (b) of Section 2019 of this code are applicable for the protection of the party from whom admissions are requested under this section.'' (Emphasis added.)

■ Under this section, requests for admission may be made without first obtaining an order of court. They thus constitute a vehicle of discovery to which the litigant is entitled as a matter of right, unless the opposing party successfully bears the burden of showing that they do not fall within the purview of the statute (*Greyhound Corp.* v. *Superior Court*, decided this day, *ante*, p. 355). ■ In determining whether the objecting party has met that burden, the courts must adopt a liberal construction in favor of discovery (*idem*).

■ When the objections are predicated upon annoyance, expense, embarrassment, oppression, or any other ground based on justice and equity, the trial court is vested with wide discretion, the exercise of which will not be disturbed by the appellate courts in the absence of an abuse. ■ Such discretion, however, does not authorize the trial court to act on grounds not contemplated by the statute, nor to make blanket orders barring disclosure *in toto* when the factual situation indicates that a just and equitable order could be made that would authorize disclosure with limitations (*idem*). Tested by these standards, the record shows a clear abuse of discretion on the part of the trial court in denying such request *in toto*.

The requests were 12 in number, most being divided into several parts, making a total of approximately 40 requests for admissions of facts. Although none is entirely repetitive, many are so broad that they cover the field of others more restrictive in nature. They may be divided into the following several categories: (1) those which request admission of the fact that Sterling advertised its product to be safe for continuing and repeated ingestion; (2) those which request admission of the fact that such advertising continued during many years of marketing the product before Sterling finally included a warning that the purchaser should see his doctor if pain persisted; (3) those which request admission of the fact that the product caused various side effects and physical ailments distinct from those for the cure of which it was marketed; (4) those which request admission of the fact that Sterling knew of such harmful effects of its product and failed

to warn the purchasing public thereof; (5) those which request admission of the various dates on which Sterling learned various facts about its product, and the dates on which it included certain specified matters in its advertising; and (6) those which request Sterling to admit that plaintiff is now suffering from the ailment alleged in his complaint, that the same was caused by prolonged use of Sterling's product, and that plaintiff requires certain specified surgery and other medical care for this condition.

The objections filed by Sterling, in summary, are that the requests are irrelevant to the subject matter of the action, are ambiguous, call for the conclusions and interpretations of the litigant, call for answers to "an intricate and controversial matter involving complex medical and scientific facts," that they include matters that cannot be clearly admitted or denied, and seek admissions of the truth of matters included in petitioner's testimony on deposition previously taken.

In *West Pico Furniture Co.* v. *Superior Court*, decided this day (*ante*, p. 407), reference was made to the so-called "shotgun" type of interrogatory. Some of the requests for admissions in this case are subject to that same criticism, in that they attempt to cover a variety of matters in a single, subdivided question, with the result that the answering party (and the court) must refer back to a previous question to obtain the exact meaning and impact of a following query. This type of question is confusing and ambiguous, and certainly imposes a burden on the answering party and on both the trial and appellate courts. But neither ambiguity nor burden are of themselves sufficient grounds for denying the right to discovery *in toto*, although either may, if present in sufficient degree, constitute an abuse of the discovery process which can and should be limited or eliminated under the court's discretionary power to make any order consistent with justice. (See *Greyhound* and *West Pico* decisions, *supra*.)

In exercising that discretion, however, the trial courts must keep in mind that the code sections specifically authorize multiple interrogatories and requests for admission, subject only to the trial court's power to control the abuse thereof.

As pointed out in the *Greyhound* and *West Pico* cases, *supra*, that discretion does not include the power to deny discovery *in toto* merely because the litigant asks too much, but it does embrace the power to sustain objections to the unnecessary or repetitive question.

One of the major objections raised by Sterling was

that the requests for admission are "irrelevant." In this connection, it should be noted that section 2033 differs from most of the other discovery provisions in that it uses the terms "relevant" and "irrelevant" without apparent qualification. Section 2016 speaks of relevancy "to the subject matter involved in the pending action," a concept more liberal than relevancy to the "issues." (See the *Greyhound* case, *supra*.) But section 2016 is not specifically incorporated into section 2033. The latter section refers only to subdivision (b) of section 2019, which does not specifically incorporate any other section. In spite of these differences in the code sections, it has already been held in the *Greyhound* case, *supra*, that the entire Discovery Act, embracing sections 2016 to 2035, inclusive, must be interpreted as a whole. So interpreted, it must be held that the legislative intent was to authorize discovery in regard to all matters relevant to the subject matter. Tested by these standards, it is obvious that all of petitioner's requests are relevant to the subject matter, or are reasonably calculated to lead to admissible evidence.

The claims of ambiguity, calling for opinion and conclusion, and those other objections summarized above, have been discussed in the other decisions filed this day. They were there found to be untenable. The reasons set forth in those cases for holding such objections unsound when applied to other discovery procedures, are peculiarly applicable to requests for admissions. ■ Most of the other discovery procedures are aimed primarily at assisting counsel to prepare for trial. Requests for admissions, on the other hand, are primarily aimed at setting at rest a triable issue so that it will not have to be tried. ■ Thus, such requests, in a most definite manner, are aimed at expediting the trial. For this reason, the fact that the request is for the admission of a controversial matter, or one involving complex facts, or calls for an opinion, is of no moment. If the litigant is able to make the admission, the time for making it is during discovery procedures, and not at the trial. ■ Likewise, the fact that one party has unilaterally bound himself, via deposition, does not excuse the other party from being required to make an admission regarding the same facts. The issue is not disposed of until both parties are heard from.

■ Sterling next suggests that because of the reasons set forth in its objections, it was unable "clearly" to answer the requests. This is not a ground for objection and certainly does not constitute a sound reason for sustaining the objec-

tion. ■■■ As quoted above, section 2033 provides that a party served with requests for admission may deny as well as admit, and that a denial shall fairly meet the substance of the request. The section is even more explicit. As if underscoring the error of the trial court in sustaining Sterling's objections, the section also provides that the request may be answered by a sworn statement "setting forth in detail the reasons why [the party served with requests] cannot truthfully admit or deny . . .," and that "when good faith requires that a party deny only a part or a qualification of a matter . . . he shall specify so much of it as is true and deny only the remainder." In view of these provisions it is obvious that the requests call for many matters which Sterling was obviously able to admit, deny, or to explain. By objecting to the requests as a whole, without some attempt to admit or deny in part, and by making no attempt to answer with an explanation of its inability, it failed to show the "good faith" required by the statute. Consequently the trial court erred in sustaining its objections to the requests, *in toto*. Some of the requests are obviously relevant and void of ambiguity. If other reasons exist that make Sterling unable to reply, petitioner is entitled to a sworn statement from Sterling setting forth those reasons in good faith.

■■■ The trial court possesses ample power under sections 2033 and 2019 to correct any abuses that may exist in the requests without sustaining the objections *in toto*, and thus depriving the petitioner of the right to admissions granted to him by the statute as a matter of right. If the trial court, in its discretion, finds any of the requests impose an unfair burden on the real party in interest because they are repetitious, it possesses the statutory power to make its order sustaining objections to the repetitive portions. If it finds some requests too ambiguous to allow intelligent reply, it may sustain objection to them or, more consistently with justice, it may order such questions to be rephrased.

For the foregoing reasons, it is ordered that a peremptory writ of mandate issue requiring respondent court to set aside its order sustaining, *in toto*, the requests for admissions, and requiring it to reconsider the objections in accordance with the standards set forth in this opinion.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., White, J., and Dooling, J., concurred.