[Civ. No. 49577. Second Dist., Div. Four. Oct. 26, 1976.]

SAMUEL COHEN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
EDUARDO GONZALEZ, Real Party in Interest.

**COUNSEL**

Shield & Smith and Joe Hilberman for Petitioner.

No appearance for Respondent.

Memel, Jacobs, Pierno & Gersh and Stanley K. Jacobs for Real Party in Interest.

**OPINION**

DUNN, J.—This is a petition for a writ of mandate asking us to direct the trial court (Los Angeles County Superior Court) to set aside its order.

Petitioner Cohen is a defendant in a personal injury action filed by the real party in interest (plaintiff) whose complaint alleged that Cohen's codefendant struck plaintiff in a car, after codefendant had consumed liquor in petitioner's bar, "The Tender Trap Cocktail Lounge." We issued an order temporarily staying trial of this case then set for September 29, 1976, placing oral argument on our November 9 calendar and ordered that a return (Code Civ. Proc., §§ 1089, 1105, 1108) be filed by October 26. Because of a showing made by R.P.I. (plaintiff) we advanced oral argument to our October 13 calendar and, at oral

argument R.P.I.'s counsel stated that he intended his various memoranda be considered by us as his "return" to the petition for a writ. We have so considered them.

R.P.I. served Cohen's attorney with a request for admissions. Defendant apparently intended to make a denial of requests for admissions Nos. 2-35, but denied the same on information and belief. R.P.I. moved the trial court for an order under Code of Civil Procedure, section 2034, subdivision (a), that the facts be deemed admitted and for attorneys' fees. Petitioner, in opposition, filed a declaration showing that petitioner's counsel was ignorant of Los Angeles Superior Court Discovery Procedure Manual, 271 D1 and 271 D2[1] and asked the court for permission to amend Cohen's answers to plaintiff's request for admissions by admitting requested admissions Nos. 2, 3, 6, 10, 11, 12, 18, 27 and 31 and by denying Nos. 21, 22, 23, 24, 29 and 35.

■ The trial court granted R.P.I.'s motion and stated to defense counsel that the proper procedure would be for a motion to be filed under Code of Civil Procedure, section 473. Petitioner filed such a motion, but it was denied. Hence, this petition.

Code of Civil Procedure, section 2034, subdivision (a), states in part, that: "Upon the refusal . . . of a party to admit or deny . . . the truth of any matters of fact . . . the party serving such request may . . . make [an] application for an order requiring further answers to such request or, in the alternative, for an order that the . . . truth of said matters of fact be deemed admitted for the purpose of the action. . . . If the motion is granted and if the court *finds* that the refusal or failure was without substantial justification the court may require the refusing . . . party . . . and the party or attorney advising the refusal . . . or either of them to pay the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees." (Italics added.)

Since we are not furnished with a copy of the court's order, we will assume that the trial court made the finding required by Code of Civil Procedure, section 2034, subdivision (a). Nevertheless, and despite this assumption, and that Code of Civil Procedure, section 2034, subdivision

[1]Section 271 D reads, in part:
"D. *Common mistakes and misunderstandings.*
"1. Denials must be unequivocal.
"2. Denials cannot be based on information and belief."

(a), authorizes the punishment imposed, we conclude that the punishment was too severe, under the foregoing circumstances. Thus, while petitioner is not to be excused for failing to be aware of the provisions of Code of Civil Procedure, section 2033 or of Los Angeles Superior Court section 271, we consider that the trial court abused its discretion by denying petitioner's motion under Code of Civil Procedure, section 473. Thus, Code of Civil Procedure, section 2033, subdivision (a) states, in part, that: "Each of the matters of which an admission is requested shall be deemed admitted unless . . . the party to whom the request is directed files and serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters . . . ." While it is true that a reasonable investigation is required to be made, (*Chodos* v. *Superior Court* (1963) 215 Cal.App.2d 318, 323 [30 Cal.Rptr. 303]) to enable a party to set "at rest a triable issue so that it will not have to be tried," (*Cembrook* v. *Superior Court* (1961) 56 Cal.2d 423, 429 [15 Cal.Rptr. 127, 364 P.2d 303]) it is not true (at least no cases are cited by the R.P.I./plaintiff and see *Holguin* v. *Superior Court* (1972) 22 Cal.App.3d 812, 820 [99 Cal.Rptr. 653]) that a denial for lack of information or belief is valueless, despite Los Angeles Superior Court section 271 D2. In addition, R.P.I./plaintiff is not prejudiced by petitioner's denials, since R.P.I. already had learned of petitioner's intention to deny portions of the "Request for Admissions." If R.P.I./plaintiff prevails at the trial on the issues thus presented, and if the trial court finds that there were no good reasons for denials of matters of substantial importance, he may have a remedy. (Code Civ. Proc., § 2034, subd. (c); *Chodos* v. *Superior Court, supra,* 215 Cal.App.2d at p. 324.

Let the writ issue as prayed.

Files, P. J., and Kingsley, J., concurred.