[Civ. No. 50677. Second Dist., Div. Two. Apr. 26, 1977.]

METALWORKING MACHINERY, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
JUAN DAVALOS, Real Party in Interest.

## Counsel

Schell & Delamer and Richard P. St. Clair for Petitioner.

No appearance for Respondent.

Wax & Appell and Edward J. Mizrahi for Real Party in Interest.

## Opinion

**BEACH, J.**—Proceeding in mandate to require respondent court to vacate its order sustaining certain objections to requests for admissions, and to enter a new and different order overruling said objections. We granted an alternative writ.

## Facts:

On August 2, 1972, real party Davalos sustained traumatic amputation of the fingers and thumb of the right hand while operating a punch press machine. In July 1973, he filed an action against his employer and others, sounding in negligence, breach of warranty and products liability. Concerning damages, there is an allegation that plaintiff will suffer future loss of earnings.

In March of 1976, petitioner filed a demand for statement of damages pursuant to California Code of Civil Procedure section 425.11, and on April 2, 1976, Davalos filed his response indicating general damages of $200,000, past loss of earnings of $20,500, and future loss of earnings of $266,770.

In December of 1976, petitioner filed requests for admissions[1] directed to Davalos, and Davalos set a hearing on his objections[2] to those requests for January 14, 1977. The requests for admissions are, in effect, directed to the basis of computation of loss of future earnings. Petitioner either knows or suspects that Davalos entered the United States illegally, has not been granted permanent resident status, has no Green Card, and is subject to deportation at any time. These suspicions appear to be substantiated in part by Davalos' deposition. It follows logically,

---

[1] See Appendix A.

[2] See Appendix B.

petitioner says, that projected loss of future earnings must be based upon the wage scale and availability of employment in the country of citizenship and not upon those in the country where Davalos is, allegedly, an illegal alien.

The objections to the requests for admissions are stated upon four grounds: (1) that the requests call for privileged information; (2) that the requests are irrelevant "to the issues"; (3) that the requests are harassing; and (4) that the requests are propounded in bad faith. In its order of January 14, 1977, the superior court sustained the objections without giving any reason for its ruling.

DISCUSSION:

California Code of Civil Procedure section 2033, subdivision (a)(2) provides as follows: "[W]ritten objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part, . . ."

■ Other than the assertion that the requests are not propounded in good faith, there is no showing whatsoever of bad faith, a term presumably lifted from Code of Civil Procedure section 2019, subdivision (d). Neither is there any showing of harassment in the 12 short requests which occupy only a single page. The requests are clearly relevant to the subject matter of the action as framed by the pleadings, and they are likely to lead to the discovery of admissible evidence. The only privilege which might be applicable is the privilege against self-incrimination. ■ It is, however, well established that deportation proceedings are civil, not criminal. (*Harisiades* v. *Shaughnessy*, 342 U.S. 580 [96 L.Ed. 586, 72 S.Ct. 512]; *Abel* v. *United States*, 362 U.S. 217 [4 L.Ed.2d 668, 80 S.Ct. 683].) ■ The privilege is therefore not applicable.

In *Cembrook* v. *Superior Court*, 56 Cal.2d 423 [15 Cal.Rptr. 127, 364 P.2d 303], the Supreme Court disapproved a blanket order barring disclosure in toto. The order of the superior court in the present case was precisely such a blanket order and was an abuse of discretion.

■ Davalos is entitled to sue, to be a party, and to give evidence, and it is precisely that evidence which petitioner seeks.

DISPOSITION:

Let a peremptory writ of mandate issue requiring respondent court to vacate its order of January 14, 1977, sustaining real party's objections to petitioner's requests for admissions, and to enter a new and different order overruling said objections and ordering answers within 20 days without objection.

Roth, P. J., and Compton, J., concurred.

### APPENDIX A

1. That you are not a citizen of the United States of America.
2. That you are presently an illegal alien residing in the United States.
3. That you cannot legally be employed in the United States.
4. That you do not claim that you can be legally employed within the United States.
5. That your claim of future lost earnings in the amount of $266,770.00 as set forth in your answer to this Defendant's Interrogatory No. 223 (First Set) is based upon a projection that you are legally employable within the United States.
6. That you were not born in the United States.
7. That you never have applied for citizenship in the United States.
8. That you have never been granted citizenship to the United States.
9. That you have never applied for permanent resident alien status in the United States.
10. That you have never been granted permanent resident alien status in the United States.
11. That you do not have a Green Card issued to you by the United States Department of Immigration.
12. That the Social Security number which you set forth in your answer to Interrogatory No. 1 (First Set) as propounded by this Defendant, to wit, 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, was never issued to you by any department of the government of the United States of America.

### APPENDIX B

Plaintiff, JUAN DAVALOS, objects to the requests for admission of fact served on plaintiff on December 13, 1976, as follows:
1. OBJECTION TO REQUEST FOR ADMISSION NO. 1:
Request No. 1 reads as follows: "That you are not a citizen of the United States of America."

Objection is made to that request on the grounds that the admission calls for privilege information and is irrelevant to the issues in this lawsuit; that the propounding party is not acting in good faith and is harassing plaintiff by propounding these requests for admission.

2. OBJECTION TO REQUEST FOR ADMISSION NO. 2:

Request No. 2 reads as follows: "That you are presently an illegal alien residing in the United States."

Objection is made to that request on the grounds that the admission calls for privilege information and is irrelevant to the issues in this lawsuit; that the propounding party is not acting in good faith and is harassing plaintiff by propounding these requests for admission.

3. OBJECTION TO REQUEST FOR ADMISSION NO. 3:

Request No. 3 reads as follows: "That you cannot legally be employed in the United States."

Objection is made to that request on the grounds that the admission calls for privilege information and is irrelevant to the issues in this lawsuit; that the propounding party is not acting in good faith and is harassing plaintiff by propounding these requests for admission.

4. OBJECTION TO REQUEST FOR ADMISSION NO. 4:

Request No. 4 reads as follows: "That you do not claim that you can be legally employed within the United States."

Objection is made to that request on the grounds that the admission calls for privilege information and is irrelevant to the issues in this lawsuit; that the propounding party is not acting in good faith and is harassing plaintiff by propounding these requests for admission.

5. OBJECTION TO REQUEST FOR ADMISSION NO. 5:

Request No. 5 reads as follows: "That your claim of future lost earnings in the amount of $266,770.00 as set forth in your answer to this defendant's Interrogatory No. 223 (First Set) is based upon a projection that you are legally employable within the United States."

Objection is made to that request on the grounds that the admission calls for privilege information and is irrelevant to the issues in this lawsuit; that the propounding party is not acting in good faith and is harassing plaintiff by propounding these requests for admission.

6. OBJECTION TO REQUEST FOR ADMISSION NO. 6:

Request No. 6 reads as follows: "That you were not born in the United States."

Objection is made to that request on the grounds that admission calls for privilege information and is irrelevant to the issues in this lawsuit; that the propounding party is not acting in good faith and is harassing plaintiff by propounding these requests for admission.

7. OBJECTION TO REQUEST FOR ADMISSION NO. 7:

Request No. 7 reads as follows: "That you never have applied for citizenship in the United States."

Objection is made to that request on the grounds that the admission calls for privilege information and is irrelevant to the issues in this lawsuit; that the propounding party is not acting in good faith and is harassing plaintiff by propounding these requests for admission.

8. OBJECTION TO REQUEST FOR ADMISSION NO. 8:

Request No. 8 reads as follows: "That you have never been granted citizenship to the United States."

Objection is made to that request on the grounds that the admission calls for privilege information and is irrelevant to the issues in this lawsuit; that the propounding party is not acting in good faith and is harassing plaintiff by propounding these requests for admission.

### 9. OBJECTION TO REQUEST FOR ADMISSION NO. 9:

Request No. 9 reads as follows: "That you have never applied for permanent resident alien status in the United States."

Objection is made to that request on the grounds that the admission calls for privilege information and is irrelevant to the issues in this lawsuit; that the propounding party is not acting in good faith and is harassing plaintiff by propounding these requests for admission.