[Civ. No. 17144. Fourth Dist., Div. Two. May 19, 1977.]

ZORRO INVESTMENT COMPANY, Plaintiff and Appellant, v.
GREAT PACIFIC SECURITIES CORPORATION et al.,
Defendants and Respondents.

910

---

**COUNSEL**

F. Gordon Chytraus and James Beatty for Plaintiff and Appellant.

Bernard J. Koerselman, in pro. per., and for Defendant and Respondent Norrell.

No appearance for other Defendant and Respondent.

## OPINION

**MORRIS, J.**—In an action for breach of a commercial lease, the trial court entered judgment for defendants after having sustained defendants' objection to plaintiff's evidence. The court rendered judgment for defendants on facts "deemed admitted" because of plaintiff's failure to make timely or sworn responses to defendants' requests for admissions.

Judgment reversed.

### Statement of Facts

In preparation for trial, defendants, Great Pacific Securities Corporation, Bernard J. Koerselman and Jana R. Norrell, served plaintiff Zorro Investment Company, with three sets of requests for admissions; the first two of these also contained interrogatories.

On August 15, 1975, a document entitled, "Request for Admission of Facts (CCP 2033) and First Set of Interrogatories to Plaintiff (CCP 2030)" was served on plaintiff. The introductory portion of this document requested responses to the request for admissions within 20 days and answers to the interrogatories within 30 days. Defendants used a format wherein they requested a number of admissions and, if any of the statements were not admitted, required answers to a number of interrogatories. A similar format was used in the second set of interrogatories and request for admissions served on August 21, 1975. On October 16, 1975, defendants served plaintiff with a "Notice of Failure to Answer Requests for Admissions and Interrogatories."

Subsequently, plaintiff responded to both sets of requests for admissions in a document dated October 22, 1975. After receiving the late responses, defendants sent no notice that they still considered plaintiff to be in default or that any facts were deemed admitted under Code of Civil Procedure section 2033, subdivision (a)[1] (hereafter cited as 2033(a)). Furthermore, defendants did not move to compel further responses or answers pursuant to sections 2033 or 2034. On the other hand, plaintiff did not take any pretrial action to be relieved from default.

On March 9, 1976, defendants served plaintiff with the third request for admissions of fact. Plaintiff's response to the third set was served by

---

[1]All code section references are to the Code of Civil Procedure unless otherwise designated.

mail. Neither the verification nor the proof of service by mail include the date of execution. In addition, verification failed to show the place of execution, and the proof of service by mail was unsigned. On April 2, 1976, defendants served plaintiff with a "Notice of Failure to Provide Proper Response to Requests for Admissions."

Plaintiff took no action to set aside its default until the case went to trial on May 13, 1976. At that time plaintiff offered to cure its default by submitting a properly verified answer to the third request for admissions.

At the commencement of trial, defendants objected to the introduction of any evidence on the basis that all the matters of relevance were deemed admitted. The trial court sustained the objection to the evidence and granted judgment for defendants.

### Discussion

Section 2033(a) provides, in pertinent part, that: "(a) After service of summons or the appearance of a party, any other party who has appeared in the action may serve upon such party . . . a written request for the admission by the latter of the genuineness of any relevant documents described in the request or of the truth of any relevant matters of fact set forth in the request. . . . Each of the matters of which an admission is requested *shall be deemed admitted unless,* within a period designated in the request, not less than 20 days after service thereof . . . the party to whom the request is directed serves upon the party requesting the admission either (1) a *sworn statement* denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) *written objections* . . . together with a notice of hearing the objections at the earliest practicable time. . . . If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request." (Italics added.) Thereafter, the section sets forth the substantive requirements for the sworn statements.

In 1974, section 2033(a) was amended to add the following: "If the party who has submitted the requests for admissions deems that *further response* is required, he may move the court for an order requiring further response. . . . Otherwise, the party submitting the requests for admissions shall be deemed to have waived the right to compel further responses pursuant to this section. . . ." (Italics added.)

Section 2034, subdivision (a) (hereafter cited as 2034(a)) provides in pertinent part: "Upon the *refusal or failure* of a party to admit or deny the genuineness of any documents or the truth of any matters of fact, after having been served with a request under Section 2033 of this code, the party serving such request *may* on like notice make like application for an order requiring further answers to such request or, in the alternative, for an order that the genuineness of said documents or the truth of said matters of fact be *deemed admitted* for the purpose of the action."[2] (Italics added.)

As applied to the facts of the case at bench, sections 2033(a) and 2034(a) appear to be in conflict. Simply stated, if, upon the responding party's failure to make one of the statutorily required responses, the requests are automatically "deemed admitted" under section 2033(a), the provision of 2034(a) which allows the proponent to move for an order compelling "further answers" or, in the alternative, that the requests be "deemed admitted" would appear redundant. On the other hand, if the proponent is required to act under 2034(a) before the requests are "deemed admitted," then the automatic provision of 2033(a) would be rendered meaningless. This apparent conflict between the provisions of 2033(a) and 2034(a) demands interpretation.

■ As plaintiff notes, every statute should be interpreted with reference to the whole system of law of which it is a part so that all may be harmonized; and, if possible, significance should be given to each section and part thereof so that each is given effect. (*Select Base Materials* v. *Board of Equal.*, 51 Cal.2d 640, 645 [335 P.2d 672]; *Laureano* v. *Christensen*, 18 Cal.App.3d 515, 521 [95 Cal.Rptr. 872].)

■ In interpreting the above sections, the basic function of requests for admissions should be kept in mind. As stated in *Cembrook* v. *Superior Court*, 56 Cal.2d 423 at page 429 [15 Cal.Rptr. 127, 364 P.2d 303]: "Most of the other discovery procedures are aimed primarily at assisting counsel to prepare for trial. Requests for admissions, on the other hand, *are primarily aimed at setting at rest a triable* issue so that it will not have to be tried. Thus, such requests, in a most definite manner, are aimed at expediting the trial. . . . *If the litigant is able to make the*

---

[2]The words "like notice" etc. refer to a similar procedure set out in section 2034 concerning failure or refusal to answer questions upon examination during a deposition, or failure or refusal to produce books, documents or other things at the deposition, or failure or refusal to answer interrogatories.

*admission, the time for making it is during discovery procedures, and not at the trial."* (Italics added.)

Each of defendants' request for admissions was served pursuant to section 2033(a) and directed plaintiff to respond within 20 days after service of the request. Section 2033 provides four possible responses which would prevent the requested admissions from being "deemed admitted." Plaintiff chose not to submit "written objections"; to move for an extension of time to answer; or to seek a protective order. Instead, plaintiff attempted to respond, but did so by serving an untimely sworn statement to the first two requests for admissions, and by returning a timely but defectively served and sworn statement to the third request for admissions.[3]

Untimely or unsworn statements are tantamount to no response at all under section 2033(a). (See *Kaiser Steel Corp.* v. *Westinghouse Elec. Corp.*, 55 Cal.App.3d 737, 744 [127 Cal.Rptr. 838].)

Plaintiff asserts that the effect of sections 2033(a) and 2034(a) is to require defendants to take further action before they could rely on plaintiff's failure to make sworn and timely responses to requests for admissions. Defendants, on the other hand, argue that it was incumbent upon plaintiff to seek relief from default to avoid the consequences of the request for admissions being deemed admitted under section 2033(a).

Prior to the 1974 amendment of section 2033(a) providing for a motion for *"further responses,"* the law was clear that failure or refusal to respond by the party to whom the request for admission was directed, resulted in the requested matters being deemed admitted. (*Jack* v. *Wood,* 258 Cal.App.2d 639, 644 [65 Cal.Rptr. 856]; *Able* v. *Van Der Zee,* 256 Cal.App.2d 728, 731 [64 Cal.Rptr. 481]; *Bank of America* v. *Baker,* 238 Cal.App.2d 778, 779 [48 Cal.Rptr. 165].)

Plaintiff cites dicta in *Kaiser Steel Corp.* v. *Westinghouse Elec. Corp., supra,* 55 Cal.App.3d 737, for the proposition that the 1974 amendment to section 2033(a) is an expression of legislative intent that the propounding party cannot rely on the self-executing provision of section 2033(a). The Court of Appeal in *Kaiser* stated that "[Section 2033(a)] now provides that a failure by the propounding party to move for further

---

[3]All references hereafter to "sworn statement" also include an unsworn statement under penalty of perjury pursuant to section 2015.5. See sections 1013 and 1013a with respect to service by mail and proof thereof.

response waives his right to compel further response. The apparent intent of the amendment is to bar the proponent of a request for admissions from relying upon a deficiency in the response unless he pursues his rights under section 2034." (*Kaiser Steel Corp.* v. *Westinghouse Elec. Corp., supra,* at p. 744, fn. 2.) *Kaiser,* however, did not arise under the 1974 amendment to section 2033(a). Therefore, the statements relied upon by plaintiff were not only dicta but were admittedly conjectural. (*Id.,* at p. 744.) The main issue addressed by the court in *Kaiser* was whether in view of section 473, the court had the power to relieve plaintiff from default notwithstanding the fact that the default had occurred more than six months before the relief from default was sought. (*Id.,* at pp. 741-742.)

In support of the dicta in *Kaiser,* plaintiff contends that section 2034(a) itself "*suggests* that the party serving the request *should not* go to trial relying solely on another party's failure to respond to the requests. The court could properly inquire why a motion had not been made under CCP § 2034(a)." (Cal. Civil Discovery Practice (Cont.Ed.Bar 1975) § 9.23, p. 397.)

This contention is undoubtedly correct. However, when viewed in the context of the authority from which the statement is derived, it does not support plaintiff's contention that defendants *must* take further action before the requests are deemed admitted. (See Cal. Civil Discovery Practice (Cont.Ed.Bar 1975) §§ 3.21, 3.51, 3.52, 9.15, 9.16, 9.23-9.26.) Rather, it supports what we have found to be the legislative purpose of the statutes providing for requests for admissions, that is, the elimination of triable issues of fact during the discovery phase. (See *Cembrook* v. *Superior Court, supra,* 56 Cal.2d 423.) In fulfilling this purpose the Legislature has attempted to allocate the burden of affirmative action between the propounding and responding parties.

Prior to 1974, section 2033(a) contained one glaring omission which prevented pretrial resolution of the questions of fact contained in requests for admissions. When a responding party served a timely sworn statement which did not "fairly meet the substance of the requested admission" (i.e., was substantively defective), the propounding party was left without a remedy. (Stats. 1968, ch. 188, § 2, pp. 476-477, and Louisell & Walley, Modern Cal. Discovery (2d ed. 1972) § 8.06, pp. 537-538 [hereinafter cited as *Louisell*] and compare § 2033(a).) Prior to 1974, section 2034(a) could only be invoked when there was a *refusal* to answer, not when the response was substantively inadequate. (See

Stats. 1968, ch. 188, § 3, pp. 477-478.) While the propounding party could have sought sanctions under 2034, subdivision (c), this procedure required him to first prove the truth of the matter of fact in question and then required the court to find "there were no good reasons for the denial and that the admissions sought were of substantial importance." (See § 2034, subd. (c) and *Louisell, supra*, § 8.06, pp. 537-538.) These remedies were clearly inadequate; unfairly distributed the burden between the parties; and did not facilitate the removal of issues of fact during the discovery phase.

The 1974 amendment to section 2033(a) allows the requesting party to move for a *further response*. In the context of section 2033(a) the words "further response" presuppose the existence of a response albeit one which the propounding party deems substantively inadequate under section 2033(a). The amendment is directed to responses by a sworn statement wherein the responding party attempts to deny specifically the matters contained in the request for admissions or to set forth in detail the reasons why he cannot truthfully admit or deny those matters. It is in the context of such a timely sworn response that the proponent of the request for admissions must either move for an order requiring further response or waive the right to compel further responses pursuant to section 2033(a). This conclusion is supported by the fact that the 1974 amendment to section 2033(a) expressly refers to "further responses," as opposed to "further answers," and was added so as to immediately follow that part of section 2033(a) which establishes the substantive requirements for a denial.

As we have noted, in the instant case, plaintiff had failed to make timely and sworn responses under section 2033(a) and its default resulted in the admissions requested being "deemed admitted." The defendants, wishing to rely on the automatic provisions of 2033(a), sent plaintiff notices of default.

Plaintiff's contention that defendants must, under 2034(a), move for an order compelling "further answers" or for an order deeming the requests admitted, is without merit.

The 1974 amendment to section 2033(a) expressly provides that absent a noticed motion for an order compelling "further responses," the proponent of the request is "deemed to have waived the right to compel further responses pursuant to [section 2033(a)]." On the contrary, section 2034(a), amended at the same time as section 2033(a), does not provide

for any type of waiver for failure to move for an order requiring further answers to such requests or, in the alternative, for an order that the truth of the requested matters of fact be deemed admitted.

The 1974 amendment merely expanded section 2034(a) beyond mere refusal, to include, "failure" to admit or deny the matters of fact requested. Therefore, a response, as here, which constitutes a failure to respond, now makes available the remedies and sanctions under section 2034(a). (Compare 2034, subd. (c) and see discussion, *infra.*)

We conclude that the 1974 amendments to sections 2033(a) and 2034(a), do not reveal a legislative intent to alter prior case law holding that failure or refusal to respond results in an "automatic deemed admission" under section 2033(a). Nor does it reveal that this "deemed admission" is waived by failure of the propounding party to proceed under section 2034(a).

The purpose of the procedures established in sections 2033 and 2034 is illuminated when viewed in the context of the discretion vested in the trial court with respect to granting relief from default for failure to respond to a request for admissions pursuant to section 2033(a).

First, the trial court has discretion to grant relief from default under section 473. (*Cohen* v. *Superior Court,* 63 Cal.App.3d 184, 186 [133 Cal.Rptr. 575]; Cal. Civil Discovery Practice (Cont.Ed.Bar 1975) § 9.25, pp. 398-399; 3 DeMeo, Cal. Deposition and Discovery Practice, § 12.01(13)(c), pp. 12.01-24-12.01-25.)

Second, sections 2033 and 2034, completely independent of section 473, vest general authority in the trial court to relieve a person from default resulting from a late or unsworn answer to requests for admissions. (See *Kaiser Steel Corp.* v. *Westinghouse Elec. Corp., supra,* 55 Cal.App.3d 737, 744-745; and see *Milton* v. *Montgomery Ward & Co., Inc.,* 33 Cal.App.3d 133, 138 [108 Cal.Rptr. 726].) As the Court of Appeal found in *Kaiser,* the trial court must be vested with discretion under sections 2033 and 2034 so as to give effect to each section. The *Kaiser* Court of Appeal stated: "[Under] the Federal Rule of Civil Procedure, which section 2033 parallels, circuit courts hold that a trial court has discretion to permit a late response to requests for admissions (*French* v. *United States* (9th Cir. 1969) 416 F.2d 1149, 1152), and specifically the discretion to permit a late verification of a previously unsworn denial (*Hartley & Parker, Inc.* v. *Florida Beverage Corporation* (5th Cir. 1965)

348 F.2d 161, 163).” (*Kaiser Steel Corp.* v. *Westinghouse Elec. Corp.,* *supra,* 55 Cal.App.3d 737, 744.)

When the Federal Rules of Civil Procedure were similar to section 2033,[4] the federal courts held that the trial court “under compelling circumstances . . . may allow untimely replies to avoid the admission.” And, since the purpose of rule 36 was to expedite trial by removing uncontested issues, when no delay or other prejudice was shown, the trial court could relieve a party from default in answering requests for admissions. (*French* v. *United States* (9th Cir. 1969) 416 F.2d 1149, 1152; *Moosman* v. *Joseph P. Blitz, Inc.* (2d Cir. 1966) 358 F.2d 686, 688; and see *Kaiser Steel Corp.* v. *Westinghouse Elec. Corp., supra,* 55 Cal.App.3d at p. 745.)

In light of the discretion vested in the trial court, an interpretation of sections 2033 and 2034 emerges which not only gives effect to each part of the statute but is also consistent with the legislative purpose.

Section 2033(a), in the absence of one of the responses set out in that section, results in the requested admission being “deemed admitted.” A late response, or an unsworn statement “denying specifically” the admission or setting forth “in detail” the reasons for not being able to admit or deny, *is no response at all under section 2033.* In such cases the trial court, viewing the circumstances of the particular case, may exercise its discretion in relieving the default.

When the party answering *responds with a timely sworn statement,* the propounding party must raise any objections to the specificity of the denial or to the detailed explanation for nondenial, by a timely motion under section 2033(a) to compel further response.[5] The propounding party’s failure to do so results in a waiver of his right to compel further responses under the 1974 amendment of section 2033.

---

[1]Federal rule 36 has since been amended and no longer parallels section 2033.

[5]Section 2033(a) provides in part that: “A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party deny only a part or a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder.”

■ Section 2034 is *designed to provide for sanctions* for failure to comply with the discovery provisions of the Code of Civil Procedure. When a party fails or refuses to respond to requests for admissions, the proponent may make a motion under section 2034(a) requiring further answers or, in the alternative, for an order that the matters of fact be deemed admitted. Such a motion is a *prerequisite* to invoking the part of section 2034(a) which provides: "If the motion is granted and if the court finds that the refusal or failure was *without substantial justification* the court may require the refusing or failing party . . . to pay the examining party the amount of the reasonable expenses incurred in obtaining the order, . . . . If the motion is denied and if the court finds that the motion was made *without substantial justification,* the court may require the examining party . . . to pay to the refusing or failing party . . . the amount of the reasonable expenses incurred in opposing the motion . . . ." (Italics added.)

Section 2034 requires the proponent to notify the other party at the time of refusal or failure that the proponent will apply to the court for a motion under section 2034(a). Section 2034(a), although primarily designed to provide sanctions, like 2033(a) is also designed to have requests for admissions answered or deemed admitted during the discovery phase. ■ The *deemed* admission under 2034(a) is not duplicative of that under 2033(a) in that it serves a different function. In cases where the failure or refusal results in a default which the court has discretion to relieve, the refusing or failing party is made aware of his default by a 2034(a) motion. If the proponent's motion under section 2034(a) is granted, it is unlikely that the sanctioned party will be able subsequently to make the showing necessary to obtain relief from default.

Although a motion under section 2034(a) is clearly permissive, when asked to exercise its discretion to grant relief from default, the trial court is not precluded from considering the proponent's failure to seek an order pursuant to section 2034(a). Section 2034(a) provides the proponent with an adequate remedy when the responding party refuses or fails to respond. However, since the propounding party, by proceeding under section 2034(a), becomes susceptible to sanction should the court find his motion to be "without substantial justification," he may well prefer to go to trial, relying on the "deemed admission" provisions of section 2033(a).

In cases where the propounding party does not take advantage of the remedies provided in section 2034(a), the trial court, in exercising its discretion whether to grant relief from default, may consider, whether the propounding party's reliance on the "deemed admission" under section 2033(a) comports with the purpose of the admissions statutes (i.e., to eliminate issues of fact during discovery). (See Cal. Civil Discovery Practice (Cont.Ed.Bar 1975) § 3.22, pp. 103-105.) The trial court may also consider the conduct of the parties after the default (see *Kaiser Steel Corp.* v. *Westinghouse Elec. Corp.*, *supra*, 55 Cal.App.3d 737, 745);[6] the prejudice to each party if relief is granted (*id.*, at p. 745); the severity of the sanction under the circumstances (see *Cohen* v. *Superior Court*, *supra*, 63 Cal.App.3d 184, 187); whether the inadequate response alerted the proponent to the answering party's intent to rely on the response (*id.*); whether the responding party knew of its default; and the practicability of the responding party seeking relief from default prior to trial. ■ These considerations are important in the case at bench since, although notice of default was sent after the designated period for response had passed, no notice of default was sent *after* the untimely answers were served. Plaintiff may have been unaware of his default or believed he had cured it. Furthermore, the third request for admissions and plaintiff's default were relatively close to the date set for trial.

It is apparent from the record that the trial court believed it had no discretion to grant plaintiff relief from default. The court stated: ". . . taking the statute at what it says, the failure to deny does admit, and then considering the allegations of the Complaint . . . I just have no choice but that I have to sustain [defendants'] objection to the admission of any evidence." The trial court in ruling upon plaintiff's request to be relieved of the consequences of its defaults in answering defendants' requests for admissions did not apply the proper standard (i.e., did not exercise its discretion). (*Kaiser Steel Corp.* v. *Westinghouse Elec. Corp.*, *supra*, 55 Cal.App.3d at p. 745; and see *Cohen* v. *Superior Court*, *supra*, 63 Cal.App.3d at pp. 186-187; *Poeschl* v. *Superior Court*, 229 Cal.App.2d 383, 387 [40 Cal.Rptr. 697].) Not being aware of the record that will be presented on reconsideration of the issue of relief from default, we do not suggest what the trial court's ruling should be on remand.

---

[6] In *Kaiser*, no motion was made under section 2034(a), nor was notice of default sent to the responding party expressing the propounding party's intent to rely on the deemed admission under section 2033(a). Furthermore, both parties proceeded through extensive discovery and a flurry of pretrial motions all directed at the existence of factual issues concerning the matters which were deemed admitted under section 2033(a).

In view of this disposition, it is unnecessary to consider the effect of the stipulation extending the prior discovery to defendant Jana Norrell.

Judgment reversed.

Tamura, Acting P. J., and Kaufman, J., concurred.