[No. B017356. Second Dist., Div. Four. May 2, 1986.]

DUSTIN W. BROWN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
WILLIAM BOORSTIN et al., Real Parties in Interest.

■■■■■■■■■■

## COUNSEL

Gerald Mason for Petitioner.

No appearance for Respondent.

W. Merrill Davidson and Dennis A. Fischer for Real Parties in Interest.

## OPINION

**WOODS, P. J.**—The issue in this mandate proceeding is whether a civil defendant may waive his right to assert the Fifth Amendment privilege

against self-incrimination by failing to raise it as an objection to interrogatories within the 30-day period prescribed by section 2030 of the Code of Civil Procedure. As this opinion reflects, we have concluded that defendants waived their privilege.

Petitioner Dustin Brown (plaintiff) is suing real parties in interest William Boorstin, Henry Steven Boorstin, Henry Boorstin, Sr., and Donna Boorstin (defendants) for assault and battery and for conspiracy to murder him.[1] At the time the petition was filed, defendant William Boorstin was concurrently facing criminal charges of attempted murder arising from the same incident.

On January 11, 1985, plaintiff served written interrogatories on defendants. While many of the questions were innocuous, others potentially required self-incrimination on such issues as the defendants' whereabouts, activities, vehicle ownership, and weapon ownership on the date of the incident.

Having received no response to the interrogatories, plaintiff moved to compel answers. The motion was argued before and granted by Judge Robert B. Lopez on April 19, 1985. The court's order states: "Interrogatories shall be answered within 30 days without objection." Sanctions of $600 were awarded against defendants.

Defendants ignored the April 19 order. Plaintiff thereupon moved that defendants' answer be stricken and a default judgment entered against them, or alternatively, that the matters embraced by the discovery order be taken as established. Defendants filed no opposition. On July 19, 1985, Judge Laurence Rittenband granted the motion "unless the answers are filed within 10 days of notice."

In response, defendants served written objections to the interrogatories, asserting their Fifth Amendment privilege under the United States Constitution as to all questions. The objections were served over six months after the interrogatories had been filed. The proof of service indicates the objections were mailed on July 29, although the postmark on the envelope shows a date of July 30.

Plaintiff thereupon made a formal motion for default for noncompliance with the July 19 order.[2] Defendants opposed the motion on the ground that, assuming they were one day late with their response to interrogatories, default was too great a sanction.

---

[1] Plaintiff's brother Jay Taylor Brown is also a defendant in the civil proceedings, but is not involved in plaintiff's petition.

[2] The motion has not been made a part of the record.

On October 16, 1985, the trial court denied plaintiff's motion without stating any reason for the denial.[3] Plaintiff petitioned this court for a writ of mandate, belatedly filing a verification. We issued the alternative writ.

## I

An initial issue is mootness.

Defendants point out in their return that, subsequent to our issuance of the writ, defendant William Boorstin was brought to trial and acquitted of attempting to murder plaintiff. They state that during the criminal trial, Donna and Henry Boorstin were granted immunity to testify, and Steven Boorstin and William Boorstin testified without immunity. Their counsel asked us to discharge the writ, stating: "There no longer appears to be any reason for claiming the privilege, and unlimited discovery can probably continue."

We issued an order on March 20, 1986, asking both sides to respond within five days to the question of whether the writ was moot.

Plaintiff promptly responded that the interrogatories have still not been answered and the case is not moot. Continuing their pattern of disregarding court orders, defendants failed to respond to our March 20 order. We have an inadequate record upon which to base a finding of mootness.

## II

Another preliminary question is whether the July 19 order required an express finding that defendants' failure to answer the interrogatories was willful. No such express finding appears in the order. On the other hand, plaintiff's attorney has stated in a declaration filed with the petition that Judge Rittenband orally indicated at the July 19 hearing that he was making a finding of willfulness. Defendants have objected to counsel's representation as hearsay, and claim no such finding was made.

The issue requires review of the pertinent statutes.

Code of Civil Procedure section 2030, subdivision (a) provides in pertinent part that "the party upon whom the interrogatories have been served shall serve the answers on the party submitting the interrogatories within 30 days

---

[3]According to plaintiff, Judge Rittenband stated: "What am I to do? The Appellate Courts have made it clear that they will not accept judgments not on the merits." Defendants object to that statement as hearsay.

after the service of the interrogatories, . . . Such answers shall respond to the written interrogatories; or, if any interrogatory be deemed objectionable, the objections thereto may be stated by the party addressed in lieu of response. If the party who has submitted the interrogatories deems that further response is required, he may move the court for an order requiring further response."

Section 2034 details the consequences for a refusal to answer. Subdivision (a) of section 2034, like section 2030, subdivision (a), authorizes the proponent of the interrogatories to move for an order compelling an answer. Subdivision (b) provides a list of sanctions, including rendering of a judgment by default, for any party who "refuses to obey an order made under subdivision (a), . . ." Subdivision (d) contains a list of sanctions, again including entry of a judgment by default, against any party who "willfully fails to serve answers to interrogatories submitted under Section 2030, . . ."

Thus, both subdivisions (b) and (d) are potentially available where a party has failed to answer interrogatories. (13 Grossman & Van Alstyne, Cal. Practice, Discovery Practice (1972) Motion to Compel Answer, § 540, p. 585 and fn. 38.) The difference is that the sanctions in subdivision (b) apply after a court order has previously been obtained under subdivision (a) for a failure to make discovery. Subdivision (d) requires no such court order, but does expressly require that the failure to serve answers be willful. (1 Hogan, Modern Cal. Discovery (3d ed. 1981) Interrogatories to a Party, § 5.16, p. 303.)

"Before any sanctions may be imposed under section 2034, subdivision (d), there must be an *express finding* that there has been a willful failure of the party or the attorney to serve the required answers. [Citations.]" (*Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 787 [149 Cal.Rptr. 499].) Conversely, "subdivision (b)(2) of that section does not expressly require findings. ▮ Nevertheless, findings are customarily made when sanctions are imposed following a motion to compel, [citation], and the better rule appears to be that when the court imposes the ultimate sanction of dismissal, the court should state its reasons so that the order can be subject to meaningful review. [Citation.]" (*Id.*, at p. 797.)

▮ As plaintiff's motion for sanctions, in the case before us, was made under subdivision (b), based on *Deyo*, no express finding of willfulness was required. ▮ On the other hand, a penalty as severe as dismissal or default is not authorized where noncompliance with discovery is caused by an inability to comply rather than willfulness or bad faith. (*Societe Internationale* v. *Rogers* (1958) 357 U.S. 197, 212 [2 L.Ed.2d 1255, 1267, 78 S.Ct. 1087].) There was absolutely no showing here that defendants were

unable to comply with discovery. They simply failed to answer or object within the statutory period, and offered no opposition to plaintiff's motion for sanctions under section 2034, subdivision (b). In the circumstances, there is no merit to defendants' complaint that no formal finding of willfulness was made.

We therefore consider the merits of the issue presented by the petition.

## III

■ The Fifth Amendment of the United States Constitution includes a provision that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself, . . ."[4] Although the specific reference is to criminal cases, the Fifth Amendment protection "has been broadly extended to a point where now it is available even to a person appearing only as a *witness* in *any* kind of proceeding where testimony can be compelled." (*Gonzales* v. *Superior Court* (1980) 117 Cal.App.3d 57, 62 [178 Cal.Rptr. 358]; italics in original.)

The Fifth Amendment is codified in Evidence Code section 940, which provides: "To the extent that such privilege exists under the Constitution of the United States or the State of California, a person has a privilege to refuse to disclose any matter that may tend to incriminate him."

There is no question that the privilege against self-incrimination may be asserted by civil defendants who face possible criminal prosecution based on the same facts as the civil action. (*Pacers, Inc.* v. *Superior Court* (1984) 162 Cal.App.3d 686, 688-689 [208 Cal.Rptr. 743].) "All matters which are privileged against disclosure upon the trial under the law of this state are privileged against disclosure through any discovery procedure." (Code Civ. Proc., § 2016, subd. (b).) The issue here is whether the right to assert the privilege is waived when no such objection is raised within the 30-day period prescribed in Code of Civil Procedure section 2030.

The only California case touching upon this issue is *Zonver* v. *Superior Court* (1969) 270 Cal.App.2d 613 [76 Cal.Rptr. 10]. *Zonver* is a divorce case in which the husband objected on Fifth Amendment grounds to some of the wife's interrogatories regarding his sexual liaison with his bookkeeper. Wife countered that the husband had waived the privilege by filing his objections a few days late. However, unlike the case at bench, husband's

---

[4]Article I, section 15 of the California Constitution contains a similar provision that "[p]ersons may not . . . be compelled in a criminal cause to be a witness against themselves, . . ." Defendants' claim here was exclusively under the Fifth Amendment.

counsel had filed a declaration which could serve as the basis for granting relief from default. *Zonver* concluded that by considering the merits of husband's self-incrimination claim, the trial court had impliedly excused the default. In a footnote, Justice Kaus's opinion stated: "We assume without deciding that the time limits of section 2030 subdivision (a) of the Code of Civil Procedure are applicable even if objections are based on constitutional grounds." (*Id.*, at p. 623, fn. 6.) That is the question here.

Numerous cases have held that if an objection to interrogatories is not raised within that 30-day period, the objection is waived, absent good cause for relief from default. (*Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d at p. 785; *Coy* v. *Superior Court* (1962) 58 Cal.2d 210, 216-217 [23 Cal.Rptr. 393, 373 P.2d 457]; *Leach* v. *Superior Court* (1980) 111 Cal.App.3d 902, 906 [169 Cal.Rptr. 42]; Cal. Civil Discovery Practice (Cont.Ed.Bar 1975) § 8.32, pp. 352-353.) We see no basis for treating the privilege against self-incrimination differently than the other privileges which may be so waived.

Defendants rely heavily upon our decision in *Motown Record Corp.* v. *Superior Court* (1984) 155 Cal.App.3d 482 [202 Cal.Rptr. 227]. In *Motown,* the plaintiffs filed timely objections to production of certain documents, claiming the protection of the attorney/client and attorney work product privileges. The parties thereafter returned to court several times and monetary sanctions were imposed for the plaintiffs' evasiveness in detailing why they believed the documents were privileged. Finally, the trial court imposed further monetary sanctions and ordered the plaintiffs to produce further support for their privilege claim within a specified period. One day late, the plaintiffs filed a much more expanded version of their reasons for claiming the privilege. The matter was referred to a referee, who found that the one-day tardiness in complying with the trial court order resulted in a waiver of the privilege and compelled production of the documents. After the trial court adopted the referee's findings, the plaintiffs petitioned this court for a writ of mandate.

We held that the sanction imposed was excessive and that the one-day showing of a factual basis for the privilege could not legally be construed as a waiver of the privilege.

In making that ruling, we quoted the fundamental rule of *Caryl Richards, Inc.* v. *Superior Court* (1961) 188 Cal.App.2d 300, 303-304 [10 Cal.Rptr. 377]: "'The trial court has a wide discretion in granting discovery and by the provisions of section 2034 of the Code of Civil Procedure it is granted broad discretionary powers to enforce its orders but its powers are not unlimited. . . . [¶] The sanctions the court may impose are such as are suitable and necessary to enable the party seeking discovery to obtain the

objects of the discovery he seeks but the court may not impose sanctions which are designed not to accomplish the objects of discovery but to impose punishment. [Citations.]'" (*Motown, supra,* 155 Cal.App.3d at p. 489.)

■ Defendants argue that, under *Caryl Richards,* default is an excessive penalty for what they characterize as a one-day tardiness in mailing the response to interrogatories required by the April 19 order. That argument ignores the fact that any objections had to be filed within 30 days of the service of the written interrogatories in January 1985. Judge Lopez's April 19 order extended the period for answering the interrogatories to 30 days from the order, but did not extend the period for making objections. Judge Rittenband's July 19 order granted an extension for answering to 10 days from his July 19 order, but again did not extend the objection period. Thus, regardless of whether the objections were mailed on July 29 or July 30, they were already many months too late.

Defendants also cite a portion of *Motown* in which we rejected a contention that the severe sanction of compelled production was justified by the plaintiffs' history of avoiding discovery. (155 Cal.App.3d at p. 491.) We pointed out that the plaintiffs' prior insufficient factual showings in support of their privilege claim had already been punished by monetary sanctions. The final sanction was imposed for their one-day tardiness rather than any insufficiency of factual showing. Nothing in *Motown* restricts us to reviewing only defendants' last response to the court order of April 19. Their earlier failures to respond to the interrogatories are clearly pertinent to the question of the appropriate sanctions for their continuing misconduct.

Finally, defendants refer us to a portion of *Motown* in which we held that plaintiffs' one-day tardiness did not constitute a waiver of the claimed privilege. (155 Cal.App.3d at p. 492.) ■ As we explained in *Motown,* the means by which statutory privileges may be waived are specified in Evidence Code section 912.[5] That section permits a privilege to be waived only "(1) when the holder of the privilege, without coercion, and in a

---

[5]Evidence Code section 912 provides in pertinent part: "(a) Except as otherwise provided in this section, the right of any person to claim a privilege provided by Section 954 (lawyer-client privilege), 980 (privilege for confidential marital communications), 994 (physician-patient privilege), 1014 (psychotherapist-patient privilege), 1033 (privilege of penitent), 1034 (privilege of clergyman), or 1035.8 (sexual assault victim-counselor privilege) is waived with respect to a communication protected by such privilege if any holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to such disclosure made by anyone. Consent to disclosure is manifested by any statement or other conduct of the holder of the privilege indicating consent to the disclosure, including failure to claim the privilege in any proceeding in which the holder has the legal standing and opportunity to claim the privilege." We recognize but do not find it significant that section 912 does not expressly refer to a waiver of the privilege against self-incrimination in Evidence Code section 940.

nonconfidential context, discloses a significant part of the communication or consents to such disclosure by anyone, and (2) when there is a failure to claim the privilege in any proceeding in which the holder has the legal standing and opportunity to do so." (*Motown, supra,* 155 Cal.App.3d at p. 492.) We found in *Motown* that neither of those events had occurred, as the plaintiffs had timely claimed the privilege and simply been a day late in mailing an adequate showing to support their privilege claim.

We recognize that Evidence Code section 912 does not list the privilege against self-incrimination among the enumerated privileges which are waived by failure to claim the privilege where there is an opportunity to do so. In contrast, the Law Revision Commission's comment to the self-incrimination privilege in section 940 states that section 940 does not cover the question of waiver, which "is determined by the cases interpreting the pertinent provisions of the California and United States Constitutions." Even so, we find it appropriate to use the waiver provisions of section 912 in the context of the case at bench.

 In the case at bench, defendants failed to claim the privilege when they had the legal standing and opportunity to do so, i.e., within the 30-day period provided by Code of Civil Procedure section 2030. Moreover, they never provided any grounds for relief from default under section 473 of the Code of Civil Procedure. They blatantly disregarded the rules for discovery set forth in the Code of Civil Procedure and the court orders of April and July 1985.

Recognizing the dearth of California authority, plaintiff has cited to us federal cases applying rule 33 of the Federal Rules of Civil Procedure (28 U.S.C.). Rule 33 requires that answers be served within 30 days after the service of the interrogatories, except that a defendant may serve answers or objections within 45 days after service of the summons and complaint upon that defendant. Federal case law can provide helpful precedent, since the California discovery statutes were largely adopted from the federal discovery rules. (27 Cal.Jur.3d, Discovery and Depositions, § 2, p. 540.)

The cases cited by plaintiff show that the federal rule, like the California rule, is that a failure to object to an interrogatory constitutes a waiver of the objection, including an objection based upon a privilege. (*United States v. 58.16 Acres of Land, etc., Clinton City, Ill.* (E.D.Ill. 1975) 66 F.R.D. 570, 572; *Dollar* v. *Long Mfg., N.C., Inc.* (5th Cir. 1977) 561 F.2d 613; *Renshaw* v. *Ravert* (E.D.Pa. 1979) 82 F.R.D. 361.) None of the cases cited to us deals with an untimely assertion of the privilege against self-incrimination and are therefore not helpful.

Both sides cited *United States* v. *Fishman* (S.D.N.Y. 1953) 15 F.R.D. 151, 153. *Fishman* does not deal with an untimely assertion of the Fifth Amendment. It simply holds that one who asserts the privilege against self-incrimination, to protect himself from answering interrogatories, must do so directly, rather than by moving for an order to vacate and quash.

Defendants' federal cases are similarly unhelpful. *Stevens* v. *Marks* (1965) 383 U.S. 234 [15 L.Ed.2d 724, 86 S.Ct. 788], held that a potential criminal defendant who waived immunity when he first appeared without counsel before a grand jury could effectively withdraw the waiver when he subsequently appeared with counsel. That does not control whether the defendants here waived the privilege for the purpose of these civil proceedings by their untimely objection.

■ Writing upon a relatively clean slate, we are persuaded to treat the privilege against self-incrimination no differently than the other privileges which are waived by a failure to make a timely objection to interrogatories. Defendants had ample opportunity to timely raise their Fifth Amendment objection and failed to do so, thereby waiving their privilege.

We also reject defendants' argument that a showing of prejudice is a prerequisite to discovery sanctions. *Cohen* v. *Superior Court* (1976) 63 Cal.App.3d 184 [133 Cal.Rptr. 575], does not support defendants' position. *Cohen* held that it was an abuse of discretion to deny a motion *for relief from default,* where no prejudice arose from a lawyer's ignorance of a rule that requests for admissions could not be denied on information and belief.

We can, of course, give no weight to defendants' vague unsupported assertions that they had orally informed plaintiff's attorney of their intention to invoke the Fifth Amendment, at some point prior to filing the written objections.

Let a peremptory writ of mandate issue directing respondent superior court to set aside its order of October 16, 1985, denying petitioner's motion for default and further directing respondent to grant the motion.

McClosky, J., and Arguelles, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied July 16, 1986.