Filed 8/26/22

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| RIGOBERTO JOSE MANUEL, <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF SANTA CLARA COUNTY <br><br> Respondent, <br><br> BRIGHTVIEW LANDSCAPE SERVICES, INC., <br><br> Real Party in Interest. | H048665 <br> (Santa Clara <br> Super. Ct. No. 19CV355747) |

## I. INTRODUCTION

Petitioner Rigoberto Jose Manuel brought an action for wrongful termination after he was injured during the course of his employment with real party in interest BrightView Landscape Services, Inc. (BrightView). The parties dispute whether Manuel's employment was terminated by BrightView in retaliation for his job injury or whether he failed to return to work due to federal immigration authorities questioning his documentation of his eligibility to work in the United States.

After Manuel objected to BrightView's written discovery requests inquiring into his immigration status, BrightView brought a motion for an order compelling Manuel to provide further responses to its discovery requests, which the trial court granted in its November 16, 2020 order. Manuel challenged the order by filing a petition for writ of mandate in this court. In his petition, Manuel argues that the trial court abused its

discretion in granting BrightView's motion to compel further responses to written discovery because BrightView did not meet its burden, pursuant to Senate Bill No. 1818 (Stats. 2002, ch. 1071, § 1, p. 6913) and its statutory enactments, to show by clear and convincing evidence that inquiry into his immigration status was necessary to comply with federal immigration law. For the reasons stated below, we agree.

We will therefore issue a peremptory writ of mandate directing the trial court to vacate its November 16, 2020 order and to enter a new order denying BrightView's motion for an order compelling Manuel to provide further responses to written discovery.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The First Amended Complaint*

The currently operative pleading is the first amended complaint (complaint), which names BrightView as the defendant. According to the complaint's allegations, Manuel was employed by BrightView as an irrigation technician from 2007 to 2018. In January 2018 Manuel injured his back while on the job. Manuel alleges that BrightView initially refused to take him to the company medical clinic and then had him sign a waiver for medical treatment. However, after several days of back pain Manuel went to an occupational medicine clinic accompanied by another BrightView employee. A physician examined Manuel, determined that he had sustained a back injury, and returned him to work with certain restrictions. After Manuel returned to work and completed a full shift on January 22, 2018, Manuel's immediate supervisor told him not to return to work and BrightView terminated his employment.

Based on these and other allegations, Manuel asserts several causes of action for wrongful termination in violation of public policy (Labor Code, §§ 232.5, 1102.5, 6310, 6400 et seq.; Gov. Code, §§ 12900, 12945.2), and a cause of action for failure to permit employee to inspect or copy records (Labor Code, §§ 226, subds. (c) & (d), 1198.5, subd. (b)). Manuel seeks compensatory damages, "back pay and front pay," civil penalties, and attorney fees and costs.

2

**B.** *BrightView's Motion to Compel Further Responses to Discovery*

During the course of the litigation, BrightView filed a motion to compel Manuel to provide further responses to the written discovery that BrightView had propounded, including further responses to form interrogatories, special interrogatories, requests for admission, and requests for production of documents. In support of the motion to compel, BrightView asserted that Manuel had voluntarily terminated his employment by failing to return to work after he was identified by the United States Immigration and Customs Enforcement, Homeland Security Investigations as being ineligible to work in the United States. According to BrightView, Homeland Security Investigations sent BrightView a notice of suspect documents stating that it appeared that Manuel was not authorized to work in the United States because the alien registration number he had provided on his Form I-9 to verify his eligibility for employment in the United States belonged to another person. BrightView then requested that Manuel provide documentation showing his authorization to work in the United States, but Manuel failed to do so.

BrightView argued that its written discovery requests properly sought evidence from Manuel "establishing he was legally authorized to work in the United States." For example, special interrogatory no. 20 states: "Please IDENTIFY all DOCUMENTS that YOU contend show YOU were legally authorized to work in the United States at any time between YOUR date of hire by BrightView and the present." Manuel objected to special interrogatory no. 20 "on the grounds that it is overly broad, seeks information not relevant to the claims and not likely to lead to the discovery of admissible evidence, and seeks information prohibited by law to be inquired into, sought or disclosed." Manuel's objection also cited Government Code section 7285, Labor Code section 1171.5, Code of Civil Procedure section 3339; and Health and Safely Code section 24000.

BrightView argued that Manuel had provided only improper and evasive objections in response to its written requests for discovery, including special

interrogatory No. 20, and therefore Manuel must be compelled to provide further responses. Further, BrightView argued that its discovery requests were reasonably calculated to lead to the discovery of admissible evidence, since Manuel's "legal entitlement to work in the United States is a fundamental and foundational issue in this action," and "the basis for one of BrightView's defenses." BrightView sought an order compelling Manuel to provide full and complete responses to BrightView's written discovery requests, and requested an award of monetary sanctions.

**C. *Manuel's Opposition to the Motion to Compel Further Responses to Discovery***

In opposition to BrightView's motion to compel further responses, Manuel argued that most of BrightView's written discovery requests improperly sought irrelevant information about his immigration status, and therefore Manuel's objections were well taken. Manuel relied on the statutory provisions of Government Code section 7285, Labor Code section 1171.5, Civil Code section 3339, and Health and Safety Code section 2400, which he argued prohibited inquiry into a person's immigration status unless the person seeking to make the inquiry has shown by clear and convincing evidence that the inquiry is necessary to comply with federal immigration law.

Manuel further argued that BrightView could not show by clear and convincing evidence that inquiry into his immigration status was necessary for BrightView to comply with federal immigration law, since Manuel's employment had been terminated and he was not seeking loss of income or reinstatement. Manuel also argued that BrightView had failed to meet and confer reasonably and in good faith.

**D. *The Trial Court's Order***

In the November 16, 2020 order, the trial court granted BrightView's motion to compel Manuel to provide further discovery responses. Although the trial court found that BrightView's efforts to meet and confer were lacking, the court granted the motion on the merits. In so ruling, the trial court noted that wrongful termination was the main

4

issue in the case, since Manuel claimed that BrightView had terminated his employment in retaliation for his back injury, while BrightView claimed that Manuel had voluntarily quit his job after Homeland Security Investigations notified BrightView that the alien registration number that Manuel had provided did not belong to him.

The trial court found that Manuel's immigration status and lawful ability to work in the United States were relevant to BrightView's defense that it was prohibited by federal law from employing Manuel unless he was legally authorized to work in the United States. The court therefore granted the motion to compel further discovery responses. The November 16, 2020 order compels Manuel "to provide further responses to BrightView's Judicial Council Form interrogatories-General, Set One, No. 2.6; Judicial Council Form Interrogatories—Employment Law, Set One. No. 2.6, No. 217.1; Specially Prepared Interrogatories, Set One. Nos. 1 -22; Requests for Admission, Set One, Nos. 3-9, and 14; Requests for Production of Documents, Set One, Nos. 1-12; and to provide documents responsive to BrightView's Request for Production of Documents, Set One."

### E. *Petition for Writ of Mandate*

Manuel filed a petition for writ of mandate in which he sought a writ commanding the trial court to vacate its order compelling him to provide further responses to BrightView's written discovery. This court issued a temporary stay and an order to show cause why a peremptory writ should not issue as requested in the petition for writ of mandate, and afforded the parties the opportunity for further briefing and oral argument.[1]

---

[1] We granted the application of Bet Tzedek, California Rural Legal Assistance Foundation, Center For Workers' Rights, Centro Legal De La Raza, Legal Aid At Work, Legal Aid Of Marin, Public Counsel, Women's Employment Rights Clinic Of Golden Gate University, School Of Law, Worksafe, California Employment Lawyers Association, Seiu California, Centro De Los Derechos Del Migrante, Inc., National Domestic Workers Alliance, and National Immigration Law Center to file an amicus curiae brief in support of petitioner. We also granted the request for judicial notice filed by Bet Tzedek, et al. and will take judicial notice of the legislative history of Senate Bill

### III. DISCUSSION

**A.** *Availability of Writ Review*

"Writ review is appropriate when the petitioner seeks relief from a discovery order which may undermine a privilege or a right of privacy, because appellate remedies are not adequate to remedy the erroneous disclosure of information. [Citation.]" (*California Highway Patrol v. Superior Court* (2000) 84 Cal.App.4th 1010, 1018.) Writ review is also " 'appropriate to address "questions of first impression that are of general importance to the trial courts and to the [legal] profession, and where general guidelines can be laid down for future cases." ' [Citations.]" (*Haniff v. Superior Court* (2017) 9 Cal.App.5th 191, 198 (*Haniff*).)

In the present case, writ review is appropriate because Manuel seeks relief from an order compelling him to respond to discovery regarding his immigration status, which he contends is privileged information that is protected from disclosure pursuant to the statutes enacted by Senate Bill No. 1818 (2001–2002 Reg. Sess.) enacted in 2002. (Stats. 2002, ch. 1071, pp. 6913–6915; hereafter, Senate Bill 1818.)

**B.** *Standard of Review*

" 'The standard of review generally applicable to review of discovery orders is abuse of discretion, as management of discovery lies within the sound discretion of the trial court. [Citations.]' [Citation.]" (*Haniff, supra*, 9 Cal.App.5th at p. 198.) " 'In particular, the abuse of discretion standard of review ordinarily applies to review of an order on a motion to compel discovery [citation].' " (*Ibid.*)

---

No. 1800 and a document entitled "Form I-9 Inspection Overview," published by the United States Department of Homeland Security, U.S. Immigration and Customs Enforcement. (Evid. Code, § 452, subd. (c).) Additionally, we granted the application of the California Applicant's Attorneys Association for leave to file an amicus curiae brief in support of petitioner.

"However, ' " '[t]he discretion of a trial judge is not a whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the subject of its action, and to reversal on appeal where no reasonable basis for the action is shown.' [Citations.] 'The scope of discretion always resides in the particular law being applied, i.e., in the "legal principles governing the subject of [the] action." Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an "abuse" of discretion. [Citation.]' " (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773 (*Sargon*).) Therefore, "[a]n order that implicitly or explicitly rests on an erroneous reading of the law necessarily is an abuse of discretion. [Citation.]" (*Williams v. Superior Court* (2017) 3 Cal.5th 531, 540 (*Williams*).)

We apply the independent standard of review to the purely legal question of statutory interpretation. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562.) Thus, "where the propriety of a discovery order turns on statutory interpretation, an appellate court may determine the issue de novo as a question of law. [Citation.]" (*Britts v. Superior Court* (2006) 145 Cal.App.4th 1112, 1123.)

### 1. Senate Bill No. 1818

We will begin our analysis of Manuel's contention that discovery into his immigration status is barred pursuant to the statutes enacted by Senate Bill No. 1818 (hereafter, Senate Bill 1818), with an overview of Senate Bill 1818 and its enactments.

The background and legislative history of Senate Bill 1818 was addressed by the California Supreme Court in *Salas v. Sierra Chemical Co.* (2014) 59 Cal.4th 407 (*Salas*). Senate Bill 1818 declared that "[a]ll protections, rights and remedies available under state law, except any reinstatement remedy prohibited by federal law, are available to all individuals *regardless of immigration status* who have applied for employment, or who are or who have been employed, in this state. (Stats. 2002, ch. 1071, § 1, p. 6913, italics added.)" (*Salas*, *supra*, at p. 414.) Senate Bill 1818 added four nearly identical

7

provisions to California's statutory scheme, including Civil Code section 3339, Government Code section 7285, Health and Safety Code section 24000, and Labor Code section 1171.5. (*Salas*, *supra*, at p. 418.)

"The California Legislature enacted Senate Bill No. 1818 in 2002 in response to the United States Supreme Court's decision earlier the same year in *Hoffman Plastic Compounds, Inc. v. NLRB* (2002) 535 U.S. 137, 122 S.Ct. 1275 (*Hoffman*). [Citation.]" (*Salas*, *supra*, 59 Cal.4th at p. 419.) In *Hoffman*, the United States Supreme Court ruled that the "NLRB could not "award backpay to an illegal alien for years of work not performed, for wages that could not lawfully have been earned, and for a job obtained in the first instance by a criminal fraud." (*Hoffman*, *supra,* at p. 149.) " '[A]warding backpay to illegal aliens,' the high court held, 'runs counter to policies underlying' the Immigration Reform and Control Act of 1986 (IRCA). [Citation.]" (*Salas*, *supra*, at p. 419.)

"[IRCA], . . . is 'a comprehensive scheme prohibiting the employment of [unauthorized] aliens in the United States.' [Citation.] To achieve the goal of eliminating employment of unauthorized aliens, federal law requires employers to verify that prospective employees are eligible to work in the United States (8 U.S.C. § 1324a(b)), prohibits employers from hiring those unable to provide documents establishing employment eligibility (*id.,* § 1324a(a)(1)), and compels employers to immediately discharge any unauthorized alien worker upon discovery of the worker's unauthorized status [citation]." (*Salas*, *supra*, 59 Cal.4th at p. 425.)

Our Supreme Court in *Salas*, *supra*, 59 Cal.4th 407, determined that the statutory provisions enacted by Senate Bill 1818 were preempted by federal immigration law (8 U.S.C. § 1324a,(a)(2)) "to the extent that it makes a California FEHA[2] lost pay award

---

[2] Fair Employment and Housing Act (FEHA), Government Code section 12900 et seq.

available to an unauthorized alien worker for the post-discovery period," which is the period after the employer discovers the worker's ineligibility for employment. (*Id.* at p. 424.) However, the court ruled in *Salas* that Senate Bill 1818 was not preempted to the extent it makes the remedy of lost wages for unlawful termination available for the "prediscovery period," when the "employer remains unaware of the employee's unauthorized status." (*Ibid.*)

In *Salas*, our Supreme Court reasoned that "*not* allowing unauthorized workers to obtain state remedies for unlawful discharge, including prediscovery period lost wages, would effectively immunize *employers* that, in violation of fundamental state policy, discriminate against their workers on grounds such as disability or race, retaliate against workers who seek compensation for disabling workplace injuries, or fail to pay the wages that state law requires. The resulting lower employment costs would encourage employers to hire workers known or suspected to be unauthorized aliens, contrary to the federal law's purpose of eliminating employers' economic incentives to hire such workers by subjecting employers to civil as well as criminal penalties. [Citation.]" (*Salas*, *supra*, 59 Cal.4th at p. 426.)

The *Salas* court therefore concluded that federal immigration law did not preclude Senate Bill 1818's extension of "the worker protection provisions of state employment and labor laws available to all workers 'regardless of immigration status.' " (*Salas*, *supra*, 59 Cal.4th at p. 425.) "The protections thus extend even to those unauthorized aliens who, in violation of federal immigration law, have used false documents to secure employment." (*Ibid.*) Thus, "if an employer hires an undocumented worker, the employer will also bear the burden of complying with this state's wage, hour and workers' compensation laws." (*Hernandez v. Paicius* (2003) 109 Cal.App.4th 452, 460, disapproved of on another ground in *People v. Freeman* (2010) 47 Cal.4th 993, 1006, fn. 4.)

9

## 2. Labor Code section 1171.5

Since most of Manuel's causes of action for wrongful termination are based upon provisions of the Labor Code, we will focus our analysis on the enactment of Labor Code section 1171.5 by Senate Bill 1181.[3]

Labor Code section 1171.5 (added by Stats. 2002, ch. 1071, § 4) provides in part: "The Legislature finds and declares the following:  [¶]  (a) All protections, rights, and remedies available under state law, except any reinstatement remedy prohibited by federal law, are available to all individuals regardless of immigration status who have applied for employment, or who are or who have been employed, in this state.  [¶]  (b) For purposes of enforcing state labor, employment, civil rights, consumer protection, and housing laws, a person's immigration status is irrelevant to the issue of liability, and in proceedings or discovery undertaken to enforce those state laws no inquiry shall be permitted into a person's immigration status unless the person seeking to make this inquiry has shown by clear and convincing evidence that the inquiry is necessary in order to comply with federal immigration law.  [¶] (c) The provisions of this section are declaratory of existing law."

"The immediate impetus for Labor Code section 1171.5's enactment was the Legislature's desire to protect undocumented workers from sharp practices in the wake of *Hoffman* [*supra*,] 535 U.S. 137, 122 S.Ct. 1275, in which the high court held the National Labor Relations Board could not award backpay to a foreign national not legally entitled to work in the United States.  (See, e.g., Sen. Rules Com., Off. of Sen. Floor Analyses, 3rd reading analysis of Sen. Bill No. 1818 (2001–2002 Reg. Sess.) as amended Aug. 22, 2002, pp. 2–6; Assem. Com. on Lab. & Employment, Analysis of Sen. Bill No. 1818

---

[3] Our analysis of Labor Code section 1171.5 also applies to Manuel's claims under FEHA, since Government Code section 7285 is identical to Labor Code section 1171.5. (See *Salas*, *supra*, 59 Cal.4th at pp. 418-419.)

(2001–2002 Reg. Sess.) June 22, 2002, pp. 2–3.)" (*Sullivan v. Oracle Corp.* (2011) 51 Cal.4th 1191, 1197.)

To determine whether BrightView's written discovery inquiring into Manuel's immigration status is prohibited under Labor Code section 1171.5, we apply well-established rules of statutory interpretation. "[O]ur fundamental task is to ascertain the Legislature's intent so as to effectuate the purpose of the statute. [Citation.] We begin with the language of the statute, giving the words their usual and ordinary meaning. [Citation.] The language must be construed 'in the context of the statute as a whole and the overall statutory scheme, and we give "significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." ' [Citation.]" (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83.)

Applying these rules, we examine the statutory language in question. Subdivision (a) of Labor Code section 1171.5 provides: "All protections, rights, and remedies available under state law, except any reinstatement remedy prohibited by federal law, are available to all individuals regardless of immigration status who have applied for employment, or who are or who have been employed, in this state." The plain language of subdivision (a) therefore affords the protection of state law rights and remedies to former employees, such as Manuel, regardless of their immigration status.

Subdivision (b) of Labor Code section 1171.5 expressly provides: "For purposes of enforcing state labor . . . laws, a person's immigration status is irrelevant to the issue of liability, and in proceedings or discovery undertaken to enforce those state laws no inquiry shall be permitted into a person's immigration status unless the person seeking to make this inquiry has shown by clear and convincing evidence that the inquiry is necessary in order to comply with federal immigration law."

The plain language of Labor Code section 1171.5, subdivision (b) therefore provides that where the plaintiff, a former employee, has alleged that the defendant, the former employer, is liable for violation of state labor laws, the defendant may not

11

propound discovery inquiring into the plaintiff's immigration status because the inquiry is irrelevant to the defendant's liability, with one exception: discovery inquiring into the plaintiff's immigration status is permitted where the proponent of the discovery "has shown by clear and convincing evidence that the inquiry is necessary to comply with federal immigration law."

As we have discussed, subdivision (a) of Labor Code section 1171.5 expressly provides that the remedy of reinstatement is not available where prohibited by federal law, and our Supreme Court in *Salas* determined that the remedy of post-discovery backpay is also prohibited by federal law. Accordingly, we construe Labor Code section 1171.5 to provide that where the plaintiff, a former employee, has alleged that the defendant, the former employer, is liable for violation of state labor laws, the defendant employer may not propound discovery inquiring into the plaintiff's immigration status unless the defendant has shown by clear and convincing evidence that the discovery is necessary to comply with federal immigration law because the plaintiff seeks remedies necessarily in violation of federal immigration law, such as reinstatement or post-discovery backpay. (Labor Code, § 1171.5; *Salas*, *supra*, 59 Cal.4th at p. 424.)

### 3. Analysis

Manuel contends that the trial court abused its discretion in granting BrightView's motion to compel responses to written discovery because BrightView did not meet its burden, pursuant to Senate Bill 1818 and its statutory enactments, to show by clear and convincing evidence that inquiry into his immigration status was necessary to comply with federal immigration law, since Manuel does not seek reinstatement or lost wages as remedies and BrightView has already terminated his employment.[4] We agree.

---

[4] In his declaration in support of Manuel's opposition to BrightView's motion to compel, Manuel's counsel states: "In response to Defendant's Form Interrogatory No. 210.1 'Do you attribute any loss of income, benefits, or earning capacity to any ADVERSE EMPLOYMENT ACTION? (If your answer is 'no,' do not answer

12

In its motion to compel Manuel's further responses to written discovery, BrightView did not attempt to establish that Manuel, its former employee, is seeking the remedies of reinstatement or post-discovery backpay in violation of federal immigration law. Manuel's immigration status therefore is irrelevant to the issue of BrightView's alleged liability for wrongful termination in violation of various Labor Code provisions or the provisions of FEHA (Gov. Code, § 12900 et seq.). Consequently, pursuant to Senate Bill 1818, as enacted in Labor Code section 1171.5 and Government Code section 7285, discovery into Manuel's immigration status is prohibited. (See *Salas*, *supra*, 59 Cal.4th at p. 424.)

BrightView argues to the contrary that the trial court did not err in ruling that Manuel's immigration status was relevant, and therefore discoverable, because in enacting Labor Code section 1171.5 "the Legislature permitted inquiry into an individual's immigration status when, in situations like this, there is a dispute whether an employer terminated an individual because the individual was not authorized to work in the United States." In other words, BrightView contends that it had a legal obligation under federal immigration law to terminate Manuel's employment, and therefore BrightView may inquire into Manuel's immigration status to support its defense that it is not liable for Manuel's claims of wrongful termination. We are not convinced by BrightView's argument.

To begin with, the California Supreme Court in *Salas* has indicated that a former employee's immigration status as an unauthorized worker is not a complete defense to a claim of wrongful termination. (*Salas*, *supra*, 59 Cal.4th at p. 426.) The court stated that "*not* allowing unauthorized workers to obtain state remedies for unlawful discharge, including prediscovery period lost wages, would effectively immunize *employers* that, in

---

Interrogatories 210.2 through 210.6.)' Plaintiff responded, 'Not at this time.' Thus, plaintiff does not claim reinstatement or lost wages."

13

violation of fundamental state policy, discriminate against their workers on grounds such as disability or race, retaliate against workers who seek compensation for disabling workplace injuries, or fail to pay the wages that state law requires." (*Ibid*.) Accordingly, we are not persuaded that BrightView may propound discovery inquiring into Manuel's immigration status in the absence of any showing of clear and convincing evidence by BrightView that Manuel is seeking remedies for wrongful termination in violation of federal immigration law. (Labor Code, § 1171.5; *Salas*, *supra*, 59 Cal.4th at p. 426.)

BrightView's reliance on the decisions of the federal appellate courts does not cause us to alter our conclusion. In *Incalza v. Fendi North America, Inc.* (9th Cir. 2007) 479 F.3d 1005, the plaintiff claimed wrongful termination in violation of FEHA, Government Code sections 12900-12960. (*Id.* at p. 1007.) The court expressly declined to reach the issue of whether California law is preempted by IRCA "to the extent that the state law authorizes the payment of damages to aliens who are not authorized to work in this country. We need not decide here what damages would be available to a worker who is not authorized to work." (*Id.* at p. 1012.) "[C]ases are not authority for propositions not considered." (*Fricker v. Uddo & Taormina Co.* (1947) 48 Cal.2d 696, 701.)

Other decisions stand for the undisputed proposition that under IRCA, employers "have an affirmative duty to determine that their employees are authorized. This verification is done through the inspection of documents." (*New El Rey Sausage Co. v. U.S. Immigration and Naturalization Service* (9th Cir. 1991) 925 F.2d 1153, 1158; see also *Aramark Facility Services v. Service Employees International Union* (2008) 530 F.3d 817, 831 [where evidence did not demonstrate fired workers were actually unauthorized to work, arbitrator's award of reinstatement and backpay upheld].) Neither decision addressed the propriety of discovery into a former employee's immigration status, or held that a former employee's lack of authorization to work is a complete defense to a claim of wrongful termination in violation of the Labor Code or FEHA.

14

Finally, we note that the California appellate court decision in *Metalworking Machinery, Inc. v. Superior Court* (1977) 69 Cal.App.3d 791 (*Metalworking*), also fails to support BrightView's contentions.  In *Metalworking*, the plaintiff employee was injured on the job and brought an action against his employer claiming loss of future earnings.  (*Id.* at p. 793.)  The appellate court ruled that discovery into the plaintiff's immigration status and authorization to work was relevant to the computation of loss of future earnings.  (*Id*. at p. 794.)  However, the decision in *Metalworking* is not helpful to BrightView since the decision predates the enactment of Senate Bill 1818 in 2002.  (See *Salas*, *supra*, 59 Cal.4th at p. 419.)

For these reasons, we conclude that under Senate Bill 1818 and its statutory enactments the trial court acted outside the scope of the court's discretion when the court granted BrightView's motion to compel further responses to written discovery inquiring into Manuel's immigration status.  (See *Williams*, *supra*, 3 Cal.5th at p. 540.)

We will therefore issue a peremptory writ of mandate directing the trial court to vacate its November 16, 2020 order granting BrightView's motion for an order compelling Manuel to provide further responses to written discovery and to enter a new order denying the motion.

## IV.  DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate the November 16, 2020 order granting the motion for an order compelling Rigoberto Jose Manuel to provide further responses to written discovery and to enter a new order denying the motion.  Upon finality of this decision, the temporary stay order is vacated. Costs in this original proceeding are awarded to petitioner.

15

_____
Greenwood, P. J.

WE CONCUR:

_____
    Danner, J.

_____
    Lie, J.

Manuel v. Superior Court
No. H048665

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court |
| Superior Court No: | 19CV355747 |
| | |
| Trial Judge: | The Honorable Socrates Peter Manoukian |
| | |
| Attorneys for Petitioner RIGOBERTO JOSE MANUEL: | Allan Alcon Villanueva Law office of Allan Villanueva |
| | |
| Attorneys for Real Party in Interest BRIGHTVIEW LANDSCAPE SERVICES, INC.: | Benjamin Alexander Emmert Littler Mendelson |
| | |
| Attorneys for Amicus curiae BET TZEDEK et al: | Marisa Díaz Laura Scalia |
| | |
| Attorneys for Amicus curiae CALIFORNIA APPLICANT'S ATTORNEY ASSOCIATION: | Beatriz Trejo, William A. Herreras |

H048665
Manuel v. Superior Court