Filed 12/12/23  JAJ3, LLC v. Bren CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JAJ3, LLC, | B321699 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. 21SMCV00722 |
| CARY BREN, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Craig D. Karlan, Judge. Affirmed.

Robert H. Bisno for Plaintiff and Appellant.

Allen Matkins Leck Gamble Mallory & Natsis, Charles D. Jarrell, and Kent W. Toland for Defendant and Respondent.

## INTRODUCTION

Plaintiff and appellant JAJ3, LLC (plaintiff) challenges a $6,600 sanctions order imposed after it brought three unsuccessful motions to compel further discovery responses from defendant and respondent Cary Bren. By statute, monetary sanctions against an unsuccessful movant are required in the absence of "substantial justification" or other circumstances rendering the imposition of sanctions "unjust." (Code Civ. Proc., §§ 2023.010, subd. (h), 2023.030, subd. (a).)[1] We conclude the court did not abuse its discretion in imposing monetary sanctions against plaintiff and, accordingly, we affirm the order.

## FACTS AND PROCEDURAL BACKGROUND

### 1. Operative Complaint

This is a derivative action involving three limited liability companies: plaintiff, Portland Lloyd Center Community, LLC (Portland Lloyd), and PLCC1, LLC (PLCC1). According to the operative first amended complaint, PLCC1 is wholly owned by Portland Lloyd, which is in turn owned by plaintiff, non-party BP3, LLC, and non-party JSC Hualing Special Economic Zone, a Republic of Georgia Company.

Plaintiff, on behalf of nominal defendants Portland Lloyd and PLCC1, sued Bren, who plaintiff alleges is or was an owner or manager of BP3, LLC. Plaintiff claims Bren embezzled or otherwise wrongfully received at least $1.5 million belonging to the nominal defendants. The operative complaint states four

___

[1] All undesignated statutory references are to the Code of Civil Procedure.

causes of action: tort of another, breach of fiduciary duty, intentional interference with contractual relations, and unfair competition under Business and Professions Code section 17200. The complaint seeks monetary damages, punitive damages, costs, attorney's fees, injunctive relief, and other just or equitable relief.

## 2.  Plaintiff's Discovery Requests

Plaintiff sought discovery from Bren by serving requests for documents, form interrogatories, and requests for admissions. The discovery requests were extremely broad. For example, plaintiff's request for documents sought documents not only from Bren and his agents, but also from Bren's "family members, including but not limited to by marriage, including in laws, such as but not limited to DAN PALMER, including any and all departments or sub-departments and all other persons or entities acting or purporting to act on DAN PALMER'S behalf and any affiliates and/or subsidiaries in which DAN PALMER, to the best of your knowledge, has any interest, directly or indirectly, [i]ncluding but not limited to BP3, LLC, of which you were a Manager during the relevant times of this litigation." The document requests themselves were also wide-ranging and included requests such as "All DOCUMENTS and/or COMMUNICATIONS and/or NOTES CONCERNING or including any of the following: BP1, LLC; BP2, LLC; BP3, LLC; BP Cabrillo, LLC and/or BP5, LLC." Other requests were nonsensical, such as form interrogatories 3.1 to 3.5, which queried whether Bren is a corporation, partnership, limited liability company, joint venture, or unincorporated association.

Bren objected to each request for discovery on numerous grounds, including that the requests were overbroad, burdensome, designed to harass, vague, ambiguous,

unintelligible, compound, not reasonably limited in scope or time, and not reasonably calculated to lead to the discovery of admissible information. Bren produced no documents and provided no substantive answers to plaintiff's discovery requests.

The parties engaged in a written meet-and-confer process as to each of the three sets of discovery requests, to no avail. Plaintiff's letters to opposing counsel were lengthy and repetitive, consisting largely of strings of quotations of hornbook law unaccompanied by any analysis or justification for the discovery requests.

### 3. Plaintiff's Motions to Compel Further Responses

As to each of the three sets of discovery requests, plaintiff filed a separate notice of motion and motion to compel further responses accompanied by points and authorities, a supporting declaration with exhibits, and a separate statement. Plaintiff argued that its discovery requests should be liberally construed but did not discuss the connection between its discovery requests and the subject matter of the lawsuit. The separate statements proceeded in similar fashion, offering lengthy and repetitive quotations from plaintiff's meet-and-confer correspondence. The motions, with their supporting documents, comprise nearly 800 pages of the appellate record.

Bren filed a single "omnibus opposition" to the three motions to compel. Bren argued that plaintiff's discovery requests in the present case were designed to aid plaintiff in a separate lawsuit pending in Sonoma County involving Palmer and the non-party LLC's named in plaintiff's discovery requests. Further, Bren asserted, the discovery requests were extremely overbroad and burdensome, and some requests were unintelligible as written. Accordingly, plaintiff failed to meet its burden to justify

its discovery requests. Bren also requested monetary sanctions against plaintiff because "[t]he Motions fail to set forth any substantive explanation for the discovery, and [counsel's] tactic of dumping hundreds of pages of paper on the Court rather than efficiently and coherently describing the basis for the discovery … is a further abuse of the discovery process, designed to cause Bren and his counsel to needlessly spend time and money responding."

In reply, plaintiff provided an assortment of case quotations purporting to respond to Bren's arguments. Plaintiff also submitted a 200-page declaration from counsel attaching materials previously submitted to the court, including a copy of the 169-page separate statement submitted in support of plaintiff's motion to compel further responses to its document production request.

## 4.     Ruling and Appeal

At the hearing on the motions, the court asked plaintiff's counsel to explain how the discovery requested relates to the lawsuit, as "there seems to be no limit as to the discovery you want" and the motions were "hard to follow." Counsel for plaintiff responded, "Well, your honor, you're exactly right. We have asked for everything that Mr. Bren has on PLCC1 and Portland Lloyd. [¶] These are relatively short-term partnerships. Each of them lasted fewer than five years before Mr. Bren exited. We don't know what's going on, and we're entitled to [it] in this lawsuit. [¶] So I think your honor has put his finger accurately on what we are requesting. And the reason we are requesting it is, as your honor well knows, we're given liberality. We get to get to the bottom of this. And their team is trying to hide it. [¶] If that

makes it overbroad, your honor, we're entitled to be overbroad in discovery."

In a written ruling issued a few days after the hearing, the court denied plaintiff's motions to compel and granted Bren's request for monetary sanctions. The court found plaintiff's 19 document requests to be overbroad, vague, and unrelated to the allegations of embezzlement by Bren. Similarly, and with respect to the 17 requests for admission, the court found plaintiff's requests were vague, ambiguous, and not targeted to the allegations of embezzlement. And as to the form interrogatories, the court noted that "incident" was not defined and therefore several interrogatories were hopelessly vague. Several others were nonsensical as to Bren, in that they asked questions about corporate status. Other interrogatories were simply irrelevant or without basis.

Under sections 2030.300, subdivision (d), 2031.310, subdivision (h), and 2033.290, subdivision (d), the court granted Bren's request for sanctions because "the [discovery] requests are vague and ambiguous and seek privileged and confidential information without limitation, and the motions themselves are excessively lengthy and difficult to follow." In addition, the court cited California Rules of Court, rule 3.1345(c), and noted that "Plaintiff's separate statements with the present motions are excessively lengthy, as Plaintiff included meet-and-confer correspondence and a plethora of cut-and-pasted paragraphs therein, making it unnecessarily difficult for the Court to review the separate statements."

The court entered a written ruling on the discovery motions on April 19, 2022. Plaintiff timely appeals. (§ 904.1, subd. (a)(12).)

6

## DISCUSSION

### 1.    Scope of Review

Plaintiff does not challenge the amount of the sanctions award. Instead, it contends the court erred in denying its three motions to compel and therefore both that ruling and the sanctions order should be reversed. But the validity of the ruling on the discovery motions is not directly before us in this interlocutory appeal from the order imposing sanctions. (§ 904.1, subd. (a)(12); *Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1433 (*Doe*).) Rather, the issue before us is whether the court abused its discretion in determining that plaintiff acted without substantial justification in bringing its motions to compel. Accordingly, we address the propriety of the court's discovery order only insofar as is necessary to determine whether the court erred in imposing monetary sanctions.

### 2.    Appellant's Burden on Appeal

The most fundamental rule of appellate review is that the judgment or order challenged on appeal is presumed to be correct, and "it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

When an opening brief fails to make appropriate references to the record in connection with points urged on appeal, the appellate court may treat those points as waived or forfeited. (See, e.g., *Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384; *Dietz v.*

7

*Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 779–801 [several contentions on appeal "forfeited" because appellant failed to provide a single record citation demonstrating it raised those contentions at trial].) Further, "an appellant must present argument and authorities on each point to which error is asserted or else the issue is waived." (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 867.) Matters not properly raised or that lack adequate legal discussion will be deemed forfeited. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656.)

An appellant has the burden not only to show error but prejudice from that error. (Cal. Const., art. VI, § 13.) If an appellant fails to satisfy that burden, the argument will be rejected on appeal. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.) "[W]e cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice. [Citations.] Nor will this court act as counsel for appellant by furnishing a legal argument as to how the trial court's ruling was prejudicial. [Citations.]" (*Ibid*.) In short, an appellant must demonstrate prejudicial error based on sufficient legal argument supported by citation to an adequate record. (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 556–557.)

Plaintiff's appellate briefing largely fails to meet these standards. For example, the discussion portion of the opening brief includes 29 argument headings. Some of those sections direct us to find plaintiff's legal arguments in the appellate record. Other sections provide strings of case quotations unaccompanied by any relevant analysis. Still others simply contain excerpts from materials in the appellate record without factual or legal discussion.

Giving the opening brief a generous reading, we discern two viable arguments as to why the court's sanctions order was improper: broad discovery is permissible, and "blanket rulings" are not. We address these issues in turn.

### 3. Standard of Review

Plaintiff suggests that we must review the court's sanctions order de novo because the facts are not in dispute. Plaintiff is wrong. We review an order imposing monetary sanctions for an abuse of discretion. " 'A court's decision to impose a particular sanction is "subject to reversal only for manifest abuse exceeding the bounds of reason." [Citation.]' [Citation.]" (*Doe, supra,* 200 Cal.App.4th at p. 1435; see *Manlin v. Milner* (2022) 82 Cal.App.5th 1004, 1023.) "We resolve all evidentiary conflicts in favor of the trial court's ruling. [Citation.]" (*Manlin*, at p. 1023.)

### 4. The court did not abuse its discretion in imposing monetary sanctions against plaintiff.

California law authorizes a range of penalties for "misuse of the discovery process." (§ 2023.030; *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 12; *Cornerstone Realty Advisors, LLC v. Summit Healthcare Reit, Inc.* (2020) 56 Cal.App.5th 771, 790.) Misuse of the discovery process includes, as pertinent here, "[m]aking or opposing, unsuccessfully and without substantial justification, a motion to compel or to limit discovery." (§ 2023.010, subd. (h).) If a monetary sanction is authorized, "the court *shall* impose that sanction *unless* it finds that the one subject to the sanction acted with *substantial justification* or that other circumstances make the imposition of the sanction unjust." (§ 2023.030, subd. (a), italics added.)

9

The court found, in part, that plaintiff's motions for discovery were unjustified because the underlying discovery requests were defective. We agree with the court's assessment. Many of plaintiff's discovery requests are vague, overbroad, unreasonably burdensome, and not limited to the issue presented in the complaint, namely, Bren's alleged embezzlement from the nominal defendants. Although Bren's counsel enumerated these and other issues during the meet-and-confer process, plaintiff did not relent or modify any of its requests—even those with obvious defects. Instead, it pressed forward and brought three motions to compel further responses. On that basis alone, the court's imposition of monetary sanctions was warranted.

The court also found that all three of plaintiff's separate statements failed to comply with California Rules of Court, rule 3.1345(c). That subsection provides: "A separate statement is a separate document filed and served with the discovery motion that provides all the information necessary to understand each discovery request and all the responses to it that are at issue. The separate statement must be full and complete so that no person is required to review any other document in order to determine the full request and the full response. Material must not be incorporated into the separate statement by reference. The separate statement must include—for each discovery request (e.g., each interrogatory, request for admission, deposition question, or inspection demand) to which a further response, answer, or production is requested—the following: [¶] (1) The text of the request, interrogatory, question, or inspection demand; [¶] (2) The text of each response, answer, or objection, and any further responses or answers; [¶] (3) A statement of the factual and legal reasons for compelling further responses, answers, or

production as to each matter in dispute; [¶] (4) If necessary, the text of all definitions, instructions, and other matters required to understand each discovery request and the responses to it; [¶] (5) If the response to a particular discovery request is dependent on the response given to another discovery request, or if the reasons a further response to a particular discovery request is deemed necessary are based on the response to some other discovery request, the other request and the response to it must be set forth; and [¶] (6) If the pleadings, other documents in the file, or other items of discovery are relevant to the motion, the party relying on them must summarize each relevant document."

Citing this rule, the court described plaintiff's separate statements as "excessively lengthy" to the point that they made "it unnecessarily difficult for the Court to review the separate statements." We agree. (See *Mills v. U.S. Bank* (2008) 166 Cal.App.4th 871, 893 [denial of motion to compel discovery was justified based on extremely confusing separate statement].) The separate statements are filled with generic legal citations and lengthy excerpts from plaintiff's meet-and-confer letters. They are prolix. They are repetitive. They obfuscate the issues. And they lack substance.

Plaintiff asserts here, as it did below, that it is entitled to virtually limitless discovery. Plaintiff is incorrect. Although the right to discovery is broad, it is not absolute. By statute, the information sought must be (1) "not privileged," (2) "relevant to the subject matter" of the action, and (3) "either itself admissible or reasonably calculated to lead to the discovery of admissible evidence." (§ 2017.010.*)* As the court observed, however, many of plaintiff's discovery requests did not seek information relevant to the alleged embezzlement. Instead, plaintiff sought, for example,

11

"All DOCUMENTS and/or COMMUNICATIONS and/or NOTES CONCERNING or including any of the following: BP1, LLC; BP2, LLC; BP3, LLC; BP Cabrillo, LLC and/or BP5, LLC." None of those entities is a party to the present case and plaintiff has offered no coherent explanation for such a broad request, other than to say, essentially, "We are entitled to everything." Indeed, plaintiff's counsel said as much during the hearing on the motions to compel. Plaintiff is not entitled to "everything" and its argument to the contrary is specious.

Plaintiff also suggests the court's order must be reversed because it is a "blanket ruling." Apparently, plaintiff believes that the court was required to "evaluate and rule upon each Discovery Request, individually … ." First, the court's ruling indicates that it did review and analyze each of the discovery requests. With respect to the form interrogatories, for instance, the court detailed four different bases for concluding that specific interrogatories were improper. Second, and in any event, plaintiff cites no authority that a statement of decision detailing the court's ruling as to each discovery request was required.

The cases cited by plaintiff, including *Cembrook v. Superior Court* (1961) 56 Cal.2d 423, stand generally for the proposition that a court should not bar all of a party's discovery requests when only a few of those requests are objectionable. (E.g., *id.* at p. 427 ["When the objections are predicated upon annoyance, expense, embarrassment, oppression, or any other ground based on justice and equity, the trial court is vested with wide discretion, the exercise of which will not be disturbed by the appellate courts in the absence of an abuse. Such discretion, however, does not authorize the trial court to act on grounds not contemplated by the statute, nor to make blanket orders barring

12

disclosure in toto when the factual situation indicates that a just and equitable order could be made that would authorize disclosure with limitations."].) We agree. But the point is only applicable where at least some of a party's discovery requests are either proper or could easily be made so. (*Ibid*.) That issue relates solely to the merits of the discovery ruling, however, not to the imposition of sanctions. It is therefore beyond the scope of our review.

## DISPOSITION

The sanctions order is affirmed. Respondent Cary Bren shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

ADAMS, J.

13